*Sloan* vs. *Forse.*

SLOAN vs. FORSE.

1. The form of notice of an attachment suit, which has been usually adopted in our courts, although it does not specify the "nature of the demand," is sufficient; a long continued practice of the courts will not be held incorrect, unless for very strong reasons.

2. Where judgment by default is rendered in an attachment suit on publication of notice, it should be set aside on the application of defendant before the damages are assessed, upon proper terms.

APPEAL from St. Louis Circuit Court.

CROCKETT & BRIGGS, *for Appellant, insist:*

1. The publication proved in this case under the statute, was altogether insufficient, and hence the judgment was illegal, and should have been set aside on defendant's motion. Rev. Stat., 1845, p. 137.

The 14th section of the attachment law, p. 137, requires that the order of publication shall state the *"nature* and amount of the plaintiff's demand," &c. Compliance strictly with this law is indispensable—non-compliance made the judgment by default illegal, and if the record contained all that was done in such a case as done here, such judgment would have been utterly void.

The appellant, defendant below, was admonished by the order of publication, and the printed notice that an action of assumpsit for so many dollars was pending against him, &c., &c.; but nothing is said of the *nature* of the demand, its character, constitution or distinctive marks.

We will not suppose it necessary for a moment to multiply words to show, that stating as the publication does, the *form of action* and amount claimed, it fails to state the "nature" of the plaintiff's demand. The law of attachment must be construed strictly, and if not complied with no right can arise under it except by the consent of the defendant.

2. It will doubtless be insisted here, as it was below, and with zeal—that the order of publication and publication proved against appellant, was in conformity to the practice of the court.

This amounts to a sanctioning and perpetuating a palpable disregard of the statute, simply because the vicious thing has been done very often.

Of that "practice" we cannot speak, nor if it has existed for years, does it follow either that the appellate court knows any such thing, or that it is bound to sanction it.

It is sufficient to say that if other defendants have declined or omitted to avail themselves of such a disregard of the law or proceedings against them, they had a right to do so, but not to make Mr. Sloan the appellant, a party or privy in their suit and bind him, whenever he has a case, to yield up his rights under the law because others have done so before him.

*Todd, for Appellee, insists:*

1. The evidence offered on the assessment of damages, and the instructions of the Circuit Court not having been preserved by bill of exceptions, the judgment of the court below must be affirmed. 1 Mo. R., 14, 166; 3 Mo. R., 341; 4 Mo. R., 626; 7 Mo. R., 4; 8 Mo. R., 128, 136, 234; 9 Mo. R., 166.

2. The order of publication made by the court in this suit was properly made:

1st. Because property of the defendant has been attached in this suit.

2nd. Because the defendant at the return term of the writ, to-wit: April term, 1846, had not appeared and answered to the action within the first six days of term. On these facts, the order is to be made. See sec. 14 of the act to provide for the recovery of debts by attachment. Rev. Code of 1845, p. 137.

3. The order as made was in compliance with the statute, to-wit: Sec. 14, p. 137, of the Rev. Code of 1845. It states the amount of the plaintiff's demand, that the defendant's property has been attached in the suit and unless the defendant appear at the next term of the court to be held on the third Monday of November next, and on or before the third day thereof, if the term shall so long continue, and if not, then before the end of the time, judgment will be rendered against him and his property sold to satisfy the same. It goes on with something more, stating how long, when and where the notice shall be published, which however is mere surplusage, because the statute does not require the order to contain this; the next section of the act fully providing for this.

This notice so ordered also states the nature of the plaintiff's demand, to-wit: *that an action of assumpsit had been begun against the defendant for, &c.* 5 Com. Law Rep., 121; 11 do 25, 13.

4. The phraseology of this notice is according to cotemporaneous construction and the practice thereunder for the last 20 years in this State. Since the act of 1825, p. 146 of Rev. Code of 1825, containing the same requirement, the form of this notice, as ordered by our court, has been the same with the one in this case in the particular under consideration. The appellee refers to the official knowledge of the Judges of this Court—their practice as Circuit Court Judges and lawyers —also to the oldest lawyers of St. Louis Bar. A decision to the contrary would render hundreds of judgments since 1825 void, and cause incalculable mischief.

5. It was duly proved that the order was duly published as required by sec. 15 of said act, p. 128, of the Revised Code of 1845. The affidavit of Knapp of the Missouri Republican, proves that this notice was published in the Missouri Republican for four weeks successively, stating the number and dates of each paper—that this paper is printed in the State of Missouri—a copy of the advertisement is annexed to the affidavit and by computation it will appear that the last insertion was more than four weeks before the first day of the November term. By sec. 1 of the act concerning advertisements, p. 111, of Rev. Code of 1845, this is sufficient evidence.

6. By the transcript brought up to this court by the appellant, it appears that the appellant had actual notice of this suit; retained an attorney to attend to it. Also that the appellant took part in the inquiry of damages, offered instructions, objected to evidence, moved for a new trial, and to set

the judgment aside and to grant leave to plead upon affidavit, to none of the decisions of the court thereon, was any exception taken, whereby the appellant in judgment of the law, instead of being aggrieved by the final judgment of the court stands by the record, submitting to the same without exception or objection.   As the appellant has brought up this transcript, he cannot object to its being looked into throughout.   (Supplement to point 4th.)

That this court may ascertain what has been cotemporaneous construction by the means referred to.   See 5 Cranch p. 22.   Also if the Legislature meant to require a particular, rather than a general statement of the nature of the action in the notice, why have they omitted to say so, when they, in fixing the affidavit in the same act, sec. 3, meaning that that should be particular to use language expressly requiring it?   To shew further, that when such has been their intent, they have used appropriate and clear words, see sec. 4, of the act concerning boats and vessels; Rev. Code of 1845.

McBride, J., *delivered the opinion of the Court.*

Jeremiah Forse instituted his action of assumpsit in the Circuit Court of St. Louis county against Edward C. Sloan, by attachment.   The declaration consists of one count for freight for the transportation of lead from Galena, Ill., to St. Louis.   The defendant not having been personally served with process, nor appearing to the action, an order of publication was made at the return term of the writ.   At the subsequent term the plaintiff proved the publication of notice as required by the order of court, and moved for a judgment by default against the defendant; which was entered, and an enquiry of damages awarded to the same term.   A few days after the judgment by default was taken and before the assessment of damages, the defendant appeared in court and moved the court to set aside the judgment by default, assigning a variety of reasons, but his motion was overruled and he excepted.   The assessment of damages having been made the defendant again filed a motion setting out a number of reasons for setting aside the judgment, the assessment, and the judgment by default, which being again overruled by the court, he excepted and took an appeal to this court.

We have not deemed it necessary to make a more detailed statement of the case, under the view which we entertain of the statute regulating the recovery of debts by attachment, R. C., 1845, p. 132.

This proceeding may be regarded as the offspring of necessity, and not to be resorted to except in cases enumerated in the first section of the act.   In its inception it is a proceeding *in rem* and contemplates either the impossibility of serving process on the defendant, or a fraudulent disposition by him of his property so as to hinder or delay his creditors.

The publication required by the fourteenth section of the act, R. C., 1845, p. 137, is intended to notify the defendant of the institution of a suit

against him, and to procure his personal appearance to the action. If he does not appear and answer the action, judgment by default may be entered against him, and proceeded on to final judgment in like manner as though he was served with process; except that the judgment thus rendered, shall bind only the property attached.

The objection taken in the court below, and mainly relied upon in this Court, is that the order of publication was not in conformity to the requisites of the act. The order is a general one couched in the usual form, notifying the defendant "that an action of assumpsit for the sum of $403, 70, has been commenced against him; that his property has been attached and unless he appear at the next term of this Court, to be begun and held at the city of St. Louis, on the third Monday of November next, and on or before the third day thereof, plead to the action aforesaid according to law, a judgment will be rendered against him, and his property be sold to satisfy the same." This form of notice is believed to be the general form adopted by the several courts of the State, under the statute above referred to, and which provision was introduced into our laws as early as the revision of 1825, see R. C., 1825, sec. 5, p. 146. The statute uses the phraseology "the court shall order a publication to be made stating the nature and amount of the plaintiffs demand," &c., which it is contended is not done in this case, and that the omission cannot receive any sanction from long established practice. We think differently. The omission to state that which the party seems here to desire, is at most not the omission of any material part of the information intended to be communicated to the defendant by the order of publication. The primary object is to inform the defendant that a suit has been instituted against him and his property attached; receiving this information he will most unquestionably enquire at the office of the clerk of the Circuit Court, and there ascertain "the nature and amount of the demand," but should he not do so, and sustain any damage by reason of his failure to take the necessary steps to inform himself, the fault will be his own. A uniform practice of twenty years under the statute, should not be disturbed without very cogent reasons.

We have said that the object of the publication was to obtain jurisdiction of the person of the defendant; and that an *exparte* proceeding is only tolerated, because process could not be personally served upon the defendant. This object is further manifested by reference to the fifty-first and following sections of the statute, which gives to the defendant three years after judgment by default, to appear and disprove or avoid the debt or damages, adjudged against him, which is done by a petition to the

Circuit Court, in which the judgment was rendered, setting forth the grounds of the application, and serving the plaintiff with a copy fifteen days before the date of the application. If the petition deny the cause of action and is sworn to, the plaintiff shall be required to prove the same, and in default thereof it shall be adjudged that the debt and damages are disproved and avoided. If the petition be not verified by oath, or if it allege a set off, or other collateral avoidance of the original cause of action, the petitioner shall be required to prove his allegations, and on his failure to do so, his petition shall be dismissed, and the original judgment shall stand absolute; and if any part thereof remain unpaid, a general judgment shall be rendered therefor against him.

When the statute gives the defendant three years to come forward in the manner above pointed out, and disprove or avoid the judgment, we are of opinion that the Circuit Court should, upon the application of the defendant made at the same term at which the judgment by default was taken, and before an assessment of damages was had, have set aside the default, and permitted the defendant to enter his appearance and plead to the action. Judgments by default when set aside are so done upon terms; and in setting aside judgments by default, the court would of course see that no advantage was obtained of the plaintiff, and that no unnecessary delay would be occasioned thereby. This course would in our opinion be most consonant to the interest of the parties and facilitate the speedy administration of justice.

For the foregoing reasons the judgment should be reversed, and Judge SCOTT concurring, the judgment is reversed and the cause remanded.

NAPTON, J., dissents.