G. N. BIRD and another *vs.* NELS NORQUIST and another.

June 11, 1891.

Justice of Peace — Void Judgment — Insufficient Published Summons.—In an action before a justice, commenced by attachment duly levied on property of the defendant, he being a non-resident of the state and not found therein, the summons was ordered to be served by publication, but the return-day was less than six days after the expiration of the period of publication, and on that day the justice entered judgment for the plaintiff, the defendant not appearing. *Held*, the judgment was without jurisdiction, and void, and a sale upon execution under it passed no title.

Action brought in the district court for Otter Tail county, to recover possession of certain wheat and oats of the value of $307. Appeal by plaintiffs from an order of *Baxter*, J., refusing a new trial after a dismissal ordered at the trial.

*H. F. Woodard*, for appellants.

*Clapp & Houpt*, for respondents.

GILFILLAN, C. J. The plaintiffs claim title to the personal property, to recover possession of which the action is brought, through a sale to them under an execution issued by a justice of the peace. The judgment on which it issued was rendered as follows: The action was commenced by attachment duly levied on the property, but the defendant was not personally summoned. He being a non-resident of the state, and not found, the justice ordered service of the summons by publication, and it was published; but the return-day was less than six days after the expiration of the period for publication. On that day, the defendant not appearing, the justice rendered the judgment against him.

It is elementary that to pass the title to property by sale on execution, the writ must have issued on a valid judgment. The judgment in this instance was void, because the justice had no jurisdiction to render it. There was no personal service of the summons, and no service by publication, such as the statute prescribes. That requires a publication for three weeks, that period to expire at least six days before the return-day. Gen. St. 1878, c. 65, § 102. This publication was not such that the requisite time elapsed between the expiration of the three weeks and the return-day. The appellant claims that the levy of the attachment gave the justice jurisdiction, so far as the property was concerned. According to the statute, (Id. §103,) the levy of the attachment and making the order for publication gives the justice jurisdiction provisionally for certain purposes, but not for the purpose of trial or judgment.

Order affirmed.