ALLEN v. THE SINGER MANUFACTURING COMPANY, *Appellant.*

1. **Service of Petition for Review of Judgment by Default on Publication:** ATTACHMENT. A petition for review of a judgment in attachment rendered by a justice of the peace upon publication of notice without service of summons or appearance of defendant to the action, must be served upon the plaintiff in person. Service upon his attorney will not be sufficient. R. S., §§ 457, 458.

2. **Service by Leaving at Usual Place of Abode.** A return which shows that the process was served by being left "at the Hardin House,    *    *    the usual place of abode of the within named H. B. A., prior to the time he left this State, and became a non-resident," is not sufficient under a statute which authorizes service by leaving the writ at the usual place of abode.

*Error to Audrain Circuit Court.*—Hon. G. Porter, Judge.

Affirmed.

*Taylor & Pollard* for plaintiff in error.

The constable should have been permitted to amend his return "on or about the 19th day of June," in accordance with the fact. It was error to dismiss for this irregularity. *Webster v. Blount,* 39 Mo. 500 ; *Transier v. R. R.,* 54 Mo. 189; *Phillebart v. Evans,* 25 Mo. 324; *Perryman v. Relfe,* 8 Mo. 208; *Reid v. Jordan,* 56 Ga. 282. The service n the attorney was sufficient. *Stafford v. Brown,* 4 Paige 60.

*Thos. N. Musick* for defendant in error.

Norton, J.—The plaintiff brought suit by attachment before a justice, and obtained judgment on the 22nd day of March, 1877. The said judgment was rendered on publication of notice, without any personal service, and on the 2nd day of July, 1877, defendant filed a petition for review under sections 457, 458, Revised Statutes ; upon the the hearing of which, the justice who tried the cause dismissed the petition ; whereupon defendant appealed to the circuit court of Audrain county, where, on plaintiff's motion, the appeal was dismissed, and from this action of the trial court defendant has appealed to this court.

The controlling question presented by the record is, whether the statutory notice required to be given plaintiff of the presentation of said petition had been given, so as to confer jurisdiction on the justice over the person of plaintiff. It is provided by the sections of the statute above referred to, that in attachment proceedings, where judgment is rendered against the defendant upon publication of notice, without service of a summons or his appearance to the action, such defendant shall be allowed two years from the

date of the judgment to appear and disprove the debt or damages adjudged against him, and that, for that purpose, the defendant may petition the court or justice rendering the judgment, setting forth the grounds on which he resists the demand of the plaintiff, furnishing the plaintiff with a copy of the petition fifteen days before the same shall be presented, with a written notice indorsed on the copy, of the day and place where the petition will be presented.

The following is the return of the officer serving the petition and notice:

"I hereby certify that I have executed the within notice in the county of Audrain, on or about the 19th day of June, 1877. By order of Wm. H. Kennan, attorney for Singer Manufacturing Company, I left a copy of the within notice with Thomas N. Musick, attorney for H. B. Allen, at his office in the city of Mexico, Missouri.

R. B. Hooten, Constable, S. A. T."

"I hereby certify that I have executed the within notice in the county of Audrain, on or about the 19th day of June, 1877. By order of Wm. H. Kennan, attorney for the Singer Manufacturing Company, I left a true copy of the within notice with Mrs. H. B. Allen, she being a member of the family over the age of fifteen years, at the Hardin House, a hotel kept by S. L. Hickerson, in the city of Mexico, Missouri, the usual place of abode of the within named H. B. Allen, prior to the time he left this State, and became a non-resident, or where the said H. B. Allen and family boarded.

R. B. Hooten, Constable,
Salt River Township, Audrain County, Missouri."

It will be obvious that the statute makes no provision for constructive service of petition and notice, but seems to require that such service shall be a personal service, and it has been held in the case of *City of St. Louis v. Goebel*, 32 Mo. 295, where an ordinance required that a "party shall be served with a notice in writing," and such notice

was served by delivering it to defendant's wife at his usual place of abode, was not such service as required by the ordinance, and that a service to be good must be a personal service.

But conceding that the notice and petition in question could be constructively served as in case of a summons, still the service in this case would be insufficient in this, that it fails to show that a copy of the petition and notice was left at the usual place of abode of plaintiff, but on the contrary shows that it was left at a place which was not at the time of the service, but had been, the usual place of abode of plaintiff before he became a non-resident of the State, and that at the time of such service plaintiff was neither a resident of the county or State. *Stewart v. Stringer*, 41 Mo. 400; *Hewit v. Weatherby*, 57 Mo. 276.

Besides this, the petition was to be presented on the 2nd day of July, 1877, and the notice of its presentation was given on the 19th day of June, 1877. This only shows thirteen days notice, when the statute requires fifteen. We are of opinion that the appeal was properly dismissed because the court had no jurisdiction of the person of plaintiff. Judgment affirmed, in which all the judges concur.