M., K. & E. R'y Co. v. Hoereth.

MISSOURI, KANSAS & EASTERN RAILWAY COMPANY V.
HOERETH, *Appellant.*

Division Two, May 17, 1898.

1. **Injunction**: VIOLATION: FORCIBLE ENTRY: ACTION AND JUDGMENT.
Where plaintiff obtained an injunction in the circuit court, restraining defendant by threats or violence from in anywise hindering the plaintiff from going upon certain lands or in anywise interfering with the use, occupancy or possession thereof by plaintiff, the defendant was not thereby restrained from instituting and prosecuting to judgment a suit in forcible entry and detainer against the plaintiff for forcibly taking possession of said lands. The bringing of such suit is not a violation of either the letter or spirit of the injunction.

2. **Process**: FORCIBLE ENTRY AND DETAINER: SERVICE OF SUMMONS. It is not service of a summons in an action of forcible entry and detainer against a corporation, to put up four written notices for ten days in four public places in the township, and such notices do not give the justice of the peace jurisdiction to enter judgment against such corporation. But such judgment is void, and being void, unless obtained by fraud, the defendant's remedy is not by injunction, but by an action at law, and this although a transcript of such judgment has been made to the circuit court.

3. ———: ———: ———: AGAINST CORPORATIONS. The forcible entry and detainer statute provides no mode of serving the summons in cases against corporations.

4. ———: ———: ———: ———: PUBLIC NOTICES. Nor can a corporation be served with a summons by posting public notices.

5. ———: ———: ———: ———: IN JUSTICES' COURTS. Where a summons issues out of a justice's court, if the corporation have no business office in the county, the summons must first be directed to the sheriff of the county in which the justice lives, and upon the failure of the sheriff to find the president or chief officer in his county, an *alias* writ should be sent to the sheriff of the county where the company's business office is.

6. ———: ———: ———: ———: STATUTORY CONSTRUCTION. There must be a strict compliance with all material directions of a statute regulating service of process.

7. **Judgments:** VOID: REMEDY. Where a judgment of a justice of the peace is void because of a lack of jurisdiction over the person of defendant, the defendant's remedy is not by injunction to annul and vacate said judgment, but by an action at law, even though a transcript of the same has been made to the circuit court. Said judgment not having been obtained by fraud, defendant has a complete remedy in an action at law, and can not therefore invoke the powers of an equity court.

*Appeal from Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*Emil Rosenberger* and *J. D. Barnett* for appellant.

(1) A court of equity will not restrain or annul a void judgment at law. In the case at bar the judgment is either void for want of service, or valid. *St. Louis v. Flynn*, 128 Mo. 413. (2) There is proof that an execution was issued; there is no proof of a levy, or of any attempt at the service of the writs of execution. It will be presumed that a sheriff would refuse to execute a writ based upon a void judgment. Plaintiff had a full remedy at law; no necessity for the intervention of a court of equity is shown. (3) The action of forcible entry will lie against a railroad company. In theory, a railroad right of way may be only an incorporeal hereditament, but practically the railroad has exclusive possession, and the owner of a fee becomes a tresspasser when he crosses the line fence. A railroad company depriving by forcible and unlawful means an individual citizen of realty in his possession will not be permitted to assert that such procedure was beyond its corporate powers. (4) The sheriff's return was sufficient to form a basis of an order of publication. This return negatives the presence in Montgomery county of any officer or agent of the railway company. The absence of a president or other chief officer, and of

every other agent would appear to be an affirmative conclusion from the facts set out in the return. (5) Plaintiff is not entitled to have a judgment by default vacated unless the judgment itself is unjust and erroneous. *Sauer v. Kansas City*, 69 Mo. 46. The petition in this case alleges in an indefinite way that the railway company had a defense to the forcible entry and detainer cases instituted by the defendant. But there is not a scintilla of testimony in the entire record indicating that any actual defense existed. (6) The writ of a justice could not run beyond his county, and the service was completed by publication. Upon proof before the justice, judgments were finally rendered against the plaintiff. There is no complaint whatever in the petition or in the evidence that the judgments are in themselves unjust or unduly burdensome upon the plaintiff. *Sauer v. City of Kansas*, 69 Mo. 46. (7) The preliminary injunction issued against all of the plaintiffs in the forcible entry cases did not restrain them from instituting and prosecuting actions at law for the recovery of land taken away from them by plaintiff, plaintiff's entry upon defendant's inclosures being after the issuance of the injunction.

*George P. B. Jackson*, with whom are *G. Pitman Smith* and *H. J. Cantwell*, for respondent.

(1) The bringing of those suits was a violation of the injunction. *Canal Co. v. Dines*, 7 Sim. 38; 2 High on Inj., sec. 1446, p. 1117. And in any event the pendency of that injunction was calculated to disarm this respondent as to any such attack as was made, and would entitle it to more specific notice than under other circumstances, and casts additional suspicion upon the secret assaults made by these appellants. (2) The judgments attacked in these several cases were

manifestly unjust and erroneous. The petitions set forth the meritorious defenses which could have been interposed if the respondent had been notified of the suits. These matters were clearly established by the evidence. It thus appears that the allegations of the several complaints were untrue; that respondent was not a trespasser; that it was never in actual possession of any of the land; that it had lawful right to take possession of a strip one hundred feet wide; that respondent had no notice or knowledge whatever of all this; that without personal service money judgments were rendered against respondent, and not *in rem* as to the property described in the publications; that those suits were brought in such place and manner as would prevent respondent hearing anything of them in time to make any defense. It was erroneous to enter personal judgments on constructive service by publication. *Smith v. McCutchen*, 38 Mo. 415; *McMahon v. Turney*, 45 Mo. App. 103. (3) The judgments were not absolutely void on the face of the record, but become so when reviewed in the light of all the evidence. Therefore a resort to equity was proper. Everything was "in form." The executions appeared to be regular, and that would protect the sheriff. *Purdy v. Galt*, 19 Mo. App. 199; *Sanderson v. Voelcker*, 51 Mo. App. 328; *Dingle v. Pollick*, 49 Mo. App. 479; *Irvin v. Leyh*, 102 Mo. 200; *Bresnahan v. Price*, 57 Mo. 422; *Stewart v. Caldwell*, 54 Mo. 536; *Payne v. O'Shea*, 84 Mo. 129; *McClanahan v. West*, 100 Mo. 309; *Murphy v. DeFrance*, 101 Mo. 157. (4) Respondent had no adequate remedy at law. *Miller v. Brown*, 3 Mo. 128; *Higdon v. Conway*, 12 Mo. 295; *Howard v. Clark*, 43 Mo. 344; *Melcher v. Scruggs*, 72 Mo. 406; *Dynes v. Hoover*, 20 How. 65; Freeman on Judg., sec. 529. (5) The judgments in the forcible entry and detainer cases were erroneous and should have been

vacated and annulled. The descriptions of lands, said to have been forcibly entered upon, were not the same in the complaints and notices, in the proofs and in the judgments, and the judgments were therefore erroneous. *Russell v. McCartney*, 21 Mo. App. 545; *Lamme v. Buse*, 70 Mo. 463; *Thiemann v. Meier*, 25 Mo. App. 306. The complaints were not properly sworn to, hence the judgments were irregular. *Fletcher v. Keyte*, 66 Mo. 285; *Reilly v. Powell*, 34 Mo. App. 431. (6) There was no proper service, and the steps taken preliminary thereto did not warrant the publication. R. S. 1889, secs. 6145 and 5092. Valid service could have been had on the respondent's officers then in St. Louis—that the return did not controvert, and until it appeared that personal service could not be had as provided by law, there was no warrant for the publication. R. S. 1889, secs. 2526, 2527, 2528 and 2529; *Mikel v. Railroad*, 54 Mo. 145; *Hoen v. Railroad*, 64 Mo. 561.

BURGESS, J.—This is a proceeding in equity by which plaintiff seeks to have annulled and vacated the judgment of a justice of the peace in favor of defendant Hoereth for the possession of a certain tract of land, and $1,000 damages, rendered in an action of forcible entry and detainer, wherein Hoereth was plaintiff and the Missouri, Kansas and Eastern Railway Company was defendant. Plaintiff had judgment in the court below, from which defendant appealed.

At the time of the institution of the action of forcible entry and detainer, as well also as at the time of the commencement of this suit, plaintiff was a corporation duly incorporated under the laws of Missouri, for the purpose of constructing and operating a railroad through the county of Montgomery and other counties in this State. The roadbed was constructed through the land of the defendant in said county by

virtue of a conveyance of the right of way from defendant to the Missouri Central Railway Company, and by a conveyance from that company to this plaintiff, which right of way was therein described as a strip of ground one hundred feet wide over and across the west half of the east half of the southwest quarter of section thirty-four, township forty-six, range west, in Montgomery county.

On the eleventh day of October, 1892, the judge of the circuit court of Montgomery county upon the application of this plaintiff granted a temporary injunction restraining the defendant, Adam Hoereth, and others, their servants and agents, from interfering or in any way hindering the plaintiff, its servants, agents and employees, from going upon the lands described in the petition for an injunction, and from constructing their railroad over and across the same, or from in any way or at any time assembling or going upon said land, or from in any way by words or arms threatening the servants of the plaintiff or attempting in any way to intimidate them or drive them away from said lands in the prosecution of their work in constructing said railroad, or to interfere in any way or manner with the plaintiff, its agents, servants or employees, in their use, occupation and possession of said lands so described in said petition until the further order of the court. The court found the lands referred to in said petition for an injunction and in the restraining order are the same as described in the petition in this suit. The temporary injunction was served on the said Hoereth on the twelfth day of October, 1892.

On the ——— day of January, 1893, and while the said injunction suit was still pending and undetermined, the said Hoereth instituted an action of forcible entry and detainer before L. A. Thompson, a justice of the peace of Montgomery county, Missouri,

against this plaintiff, in which it was stated that on October 10, 1892, said Hoereth was lawfully in possession of said land and that on said day this plaintiff forcibly entered into the possession of the said premises and forcibly detained the possession thereto and that by reason thereof said Hoereth claimed to have sustained $1,000 damages. A summons was issued in said proceeding to the sheriff or any constable in Montgomery county commanding them to summons this plaintiff to appear before said justice on the seventh day of February, 1893, which summons was returned by said sheriff on the first of February, 1893, not served, because neither this plaintiff nor any agent or officer of said company upon whom legal service could be had was found in Montgomery county, and thereupon the said justice ordered that notices should be set up for ten days in four public places in Montgomery township, Montgomery county, Missouri, notifying this plaintiff to appear before said justice on the twenty-fifth day of February, 1893; which notices were set up as ordered. Plaintiff during all this time had an office in the city of St. Louis but none in Montgomery county, Missouri, and had no actual notice of the proceedings in said forcible entry and detainer case. On said twenty-fifth day of February, 1893, the said Hoereth and his attorney appeared before said justice, but plaintiff did not appear, and upon the evidence adduced, the justice of the peace found this plaintiff was guilty of the forcible entry and detainer as charged in said proceeding by reason of having forcibly and unlawfully entered upon and detained the said premises, and that the plaintiff therein, the said Hoereth, was damaged thereby in the sum of $1,000, and thereupon said justice rendered judgment in favor of the said Hoereth, plaintiff in said suit, for the possession of the land above described, and for

$2,000 damages and for rent at the rate of $50 per month after the date of said judgment. A transcript of all such proceedings and judgment has been filed in the office of the clerk of the circuit court of Montgomery county, Missouri.

The petition alleges that Hoereth until enjoined was threatening to have execution issued on the said judgment of forcible entry and detainer and to interrupt and interfere with plaintiff in the entry and detainer and to interrupt and interfere with plaintiff in the use and occupation of said one hundred foot strip of ground. On these facts the court declared the law to be that the institution and prosecution by said Hoereth of said forcible entry suit, while the injunction suit of this plaintiff against him was still pending and undetermined, was a violation of the temporary injunction served upon him, and in disregard of its provisions; that the plaintiff, while said injunction suit was pending, had a right to rely and did rely upon its observance by said Hoereth, and had no actual notice of proceedings in the said forcible entry suit till long after the termination thereof in said justice court, and that to permit the judgment therein to stand under these facts, would be a flagrant fraud upon plaintiff and an indignity to the court whose process was willfully ignored and disobeyed; and that the return of the sheriff upon the writ of summons issued by the justice did not authorize notice to be given by setting up notice in the township as pursued in that case. The court then entered a decree that the judgment in the forcible entry and detainer case be declared null and void, and that the same be set aside, vacated and annulled and for naught held; and this defendant, his servants, agents and employees, be forever restrained and enjoined from in any manner attempting to enforce the collection of said judgment.

I.    It is contended by plaintiff that the institution of the suit of forcible entry and detainer by defendant against it while the injunction suit was pending and undetermined, was a violation of the temporary injunction, and that the judgment thereafter rendered by the justice of the peace in that cause was by reason thereof null and void, and should be set aside and for naught held.    This position is in accord with the finding and judgment of the court below in the case at bar, and if borne out by the restraining order issued in the injunction case must result in an affirmance of the judgment and decree in this case.    By that part of the restraining order under consideration it is ordered "that a temporary injunction be granted herein enjoining the defendants and each and all of them, their servants and agents, from interfering or in any way hindering the plaintiff, its servants, agents and employees from going upon the lands described in the petition and constructing their railroad over and across the same, or from in any way or at any time assembling or going upon said lands, or from any way by words or arms threatening the servants of the plaintiff or attempting in anyway to intimidate them or drive them away from said lands in the prosecution of their work in so constructing said railroad, or to in any way or manner interfere with the plaintiff, its agents, servants or employees in their use, occupancy and possession of said lands described in said petition."

"In deciding whether there has been an actual breach of an injunction it is important to observe the objects for which the relief was granted, as well as the circumstances attending it.    And it is to be observed that the violation of the spirit of an injunction, even though its strict letter may not have been disregarded, is a breach of the mandate of the court."    2 High on Inj. [3 Ed.], sec. 1446.    The object and purpose of

the injunction was to restrain defendant from in any way interfering by threats or violence with the work of plaintiff upon that part of its roadbed which was located upon land in which defendant was at the time in actual possession, and not for the purpose of preventing him from instituting suit for the purpose of regaining the possession of land of which he had been ousted forcibly and against his will.   Indeed it is not claimed that defendant was at the time of the issuing of the restraining order threatening or contemplating the institution of the suit of forcible entry and detainer, nor does it appear from the allegations in the petition in that case or from the restraining order that any such thing was in the mind of the pleader at that time. There was, therefore, no violation of the letter or spirit of the injunction in the institution and prosecution of the forcible entry and detainer suit.   It was merely a possessory action which could not have in any way before judgment and the issuance of a writ of restitution interfered with the work of plaintiff on the land, and by no fair construction of the restraining order can it be held to embrace within its scope and meaning and inhibition against the institution of any lawful proceedings open to defendant to regain possession of the land.

II.   It is also claimed by plaintiff that the justice's judgment in favor of plaintiff in the forcible entry and detainer case is void for the want of jurisdiction, in that, there was no service of process on the defendant in that suit and that the same was not waived by it.

In actions of forcible entry and detainer the law, after providing the form of the summons (R. S. 1889, sec. 5094), provides that: ''Such summons shall be executed at least five days before the return day thereof, either: *First*, by reading the complaint and

summons to the defendant; or, *second*, by delivering him a copy of the complaint and summons; or, *third*, by leaving such copy at his usual place of abode, with some member of his family over the age of fifteen years. If the officer shall return that the defendant is not found, or that he has absconded or absented himself from his usual place of abode in this State, it shall be the duty of the justice before whom the proceeding is commenced to make an order directing that notices shall be set up for ten days in four public places in his township, ward or district; or, if a daily newspaper be published in the county or city, as the case may be, such notices shall be published for six days in some such daily paper, informing the defendant of the commencement of proceedings against him. And on proof of the notice by affidavit of some competent witness or by affidavit of the publisher, if the notice be published in a newspaper, the justice shall proceed to hear the case as if there had been personal service, and judgment shall be rendered and proceeded in as in other cases." It is manifest from a casual reading of this section, that it provides no mode of service of process on corporations in forcible entry and detainer cases, for the reason that it provides that such service may be had by reading the summons to the defendant, or by delivering a copy thereof to him, or by leaving it at his usual place of abode with some member of his family over the age of fifteen years, which is impossible in such cases. And it is only in case the officer returns that the defendant is not found, or that he has absconded or absented himself from his usual place of abode in this State, that it becomes the duty of the justice before whom the proceeding is pending to make an order directing that notices shall be set up for ten days in four public places in his township, ward or district. We must

therefore look elsewhere for some statute pointing out the mode in which service may be had in such case.

This we think is to be found in chapter 42, Revised Statutes 1889. Section 2526 of this chapter, provides that a summons against a corporation shall be directed as provided thereby. By the following section 2527, it is provided that when any summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or in his absence by leaving a copy thereof at any business office of said company with any person having charge thereof, shall be deemed a sufficient service, and if the corporation has no business office in the county where the suit is brought, or if no person be found in charge thereof, and the president or chief officer can not be found in such county, a summons *shall* be issued directed to the sheriff of any county in this State where the president or chief officer of such company may reside or be found, or where any office or place of business of such company may be kept. The only mode for the service of process on corporations directed by this chapter, is that provided for by section 2527, *supra.* It would seem under the provisions of this section, that a summons should have first been issued by the justice directed to the sheriff of Montgomery county, and upon failure by the sheriff to find some person designated by this section in said county upon whom service could be had, then an *alias* summons should have been issued directed to the sheriff of the city of St. Louis where it is shown by the record that plaintiff had offices and representatives upon whom service of process could have been had in accordance with the provisions of said section. But in order to procure service the plaintiff in the forcible entry and detainer suit attempted to do so under section 5094, *supra,*

which was unauthorized in a suit of that kind against a corporation.

In *Wilson v. Railroad*, 108 Mo. 596, SHERWOOD, P. J., speaking for the court said:   "But the personal notice in this case, having been served outside of the State, has not been served according to law, for the statute nowhere permits or directs this sort of service, and, therefore, the notice in question was a nullity; because, wherever service is had or notice given with the view of subsequent adjudication, such service or notice must comply with statutory requirements in order to possess any legal efficacy.   *Allen v. Mfg. Co.*, 72 Mo. 326, and cases cited.   Mere notice of service, not according to law, brings no one into court, nor does mere knowledge on the part of the party notified of the pending proceedings have any more valid effect. *Potwine's Appeal*, 31 Conn. 381; Smith, Merc. Law, 322.   Wherever proceedings are intended to result in an adjudication, and such proceedings differ from the the course of the common law, a strict compliance with all material directions of the statute is essential.   Freem. Judg. [3 Ed.], sec. 127, and cases cited.   No such compliance with the statute can be claimed here."

There being no legal service of process upon defendant in the forcible entry and detainer case, the justice acquired no jurisdiction of the defendant, and the judgment rendered therein against it must be held to be null and void.   But it does not necessarily follow that the judgment of the lower court should be affirmed.   There was no fraud in obtaining the judgment, but it is void because of the want of jurisdiction in the justice over the defendant in that suit.   This is patent from the record and proceeding in that case. It is true that the petition alleges that the defendant in this suit has caused a transcript of the proceedings before the justice to be filed in the office of the clerk of

the circuit court of Montgomery county, and is threatening to have an execution issued upon said judgment and to take steps to enforce the same, and to thereby interrupt and interfere with the use and occupation of the ground involved in that suit, and thereby prevent plaintiff from operating its railroad, but this does not we think entitle plaintiff to the relief sought.

The general rule is that an injunction will not lie to restrain the enforcement of a judgment by default rendered in a justice's court, which is void on its face, for the reason, as in this case, that the court never acquired any jurisdiction of the person of the defendant, as in such case the defendant has a complete and adequate remedy at law. *Railroad v. Reynolds*, 89 Mo. 146; *Railroad v. Lowder*, 138 Mo. 533; *Luco v. Brown*, 73 Cal. 3; *Crandall v. Bacon*, 20 Wis. 639; *Hart v. Lazaron*, 46 Ga. 396; *Sanchez v. Carriaga*, 31 Cal. 170. Our conclusion is that plaintiff has ample and adequate remedy at law, and is not therefore entitled to invoke the aid of a court of equity. We therefore reverse the judgment without remanding the cause. GANTT, P. J., and SHERWOOD, J., concur.