Young v. Downey.

GANTT, P. J., and SHERWOOD, J., concur.

Young, By Guardian, v. Downey et al., Appellants.

Division Two, June 6, 1899.

150 317
84a 669

150 317
164 90
164 91

150 317
f165 467

1. **Motion for New Trial:** WITHIN FOUR DAYS. A motion for a new trial filed within four days after judgment meets the statutory requirement that it must be filed within four days after verdict.

2. **Motion in Arrest:** NO DATE IN RECORD. If the record does not show when a motion in arrest was filed, it can not be considered on appeal.

3. **Bill of Exceptions:** WHEN FILED. Where the record shows that the cause was continued on the motions for a new trial and in arrest, and at the next term they were overruled and the appellant given until the thirty-first day of the next month to file his bill of exceptions, and that on the thirtieth day thereof it was filed, the same was filed in time.

4. **Process:** NOTICE BY PUBLICATION: FOUR WEEKS. It is again held in this case, on the second appeal, that where the statute requires a notice by publication to be published for four consecutive weeks before the first day of the term, a notice published on September 8th, 15th, 22d and 29th, when the term begins on October 2d, is not a publication for four weeks, but only for twenty-four days. Under such a statute four full weeks must elapse between the first publication and the return day. Such statute is mandatory, and must be strictly complied with before the court has jurisdiction. And a sale made after such a notice is void. (Overruling Cruzen v. Stephens, 123 Mo. 337.)

5. **Guardian**: ACTING FOR MINOR: AFFIRMANCE. The fact that one is, within a few days after her appearance in court for herself and her minor child, appointed the guardian of such minor did not make such appearance binding on the minor so as to give the court jurisdiction to sell the minor's lands, nor could she after such appointment confirm what she had theretofore done without authority.

*Appeal from the Platte Circuit Court.*—HON. W. H. RONEY, Special Judge.

AFFIRMED.

ANDERSON & CARMACK, J. W. COBURN and C. O. TICHENOR for appellants.

(1)   Publication once a week for four weeks is a four weeks' publication. Cruzen v. Stephens, 123 Mo. 337; Haywood v. Russell, 44 Mo. 252; Burnes v. Burnes, 61 Mo. App. 619. (2)   Angelina Downey objected to the order of sale, not on account of the insufficiency of notice, but because she thought a sale of the undivided interest of her husband in his land would not bring a sufficient amount to pay the debts of the estate.   Though at the time she made her objections, she was not the guardian, or curator, of her minor son, yet within a few days, in fact seven days after filing her objection, she qualified as such guardian and curator of her minor son, and still later, on the twenty-seventh day of October, or at the same October term of the Platte county probate court, the order of suspension of said order of sale was made.   As guardian she accepted the benefit of said order applied for, and made at her own request, and her act will bind the ward, and is a waiver of any defect, if any, in the notice of publication.   (3)   The order of the probate court was that the further proceedings in the matter of the application for the order of sale, be suspended "until the further order of this court."   The suspension order was made to enable her to partition her deceased husband's interest in said land, so that there might be something over, after the payment of

debts, for her minor child. The order of sale could not affect her interest in the land, as her dower interest was not affected by the sale—the whole object of the order of sale was for the benefit solely of her minor child, Lewis Downey.

JAMES W. BOYD, J. W. COOTS and BENJAMIN PHILLIP for respondent.

(1) Neither the motion for a new trial nor the motion in arrest is preserved in the bill of exceptions. The motion in arrest is neither copied "bodily" into the bill of exceptions nor does the bill of exceptions contain any "direction to the clerk to copy the same" into the bill. It can not, therefore, be considered by this court. Jefferson City v. Opel, 67 Mo. 394; State v. Griffin, 98 Mo. 672; R. S. 1889, sec. 2304. The same is true of the motion for a new trial. It is not copied "bodily" into the bill of exceptions. Nor is there in the bill any direction to the clerk to copy the same. The recital of the bill is: "And on the same day and within four days after the rendition of judgment in the cause, the defendants filed their motion for a new trial of this cause. (Here insert it.)" The words "here insert it" do not constitute any direction to the clerk to insert it. Arnold v. Boyer, 108 Mo. 310; State v. Griffin, 98 Mo. 672; Harper v. Standard Oil Co., 74 Mo. App. 644. (2) Whether the opinion of this court on the former appeal is right or wrong, it is binding upon the parties, and furnishes the law for this case, for the question decided is *res adjudicata*, and not open to review. Bank v. Taylor, 62 Mo. 338; Conroy v. Iron Works, 75 Mo. 651; Perkins v. Fielding, 119 Mo. 149; Hombs v. Corbin, 34 Mo. App. 393; Pittsburg v. Railroad, 11 N. E. 285; Potter v. Adams, 143 Mo. 665. (3) The publication of the notice for the length of time required by law is necessary to confer jurisdiction upon the probate court to make an order of sale. Young v. Downey, 145 Mo. 250; G. S.

1865, pp. 497, 498, secs. 10, 22 and 25; Hutchison v. Shelley, 34 S. W. 838; Cunningham v. Anderson, 107 Mo. 371; Sibley v. Waffle, 16 N . Y. 180.    (4)   In the case at bar the notice was published in a weekly newspaper.    The records of the probate court, introduced in evidence in this case, show affirmatively upon their face that the first publication of this notice was made upon September 8, 1876, the second September 15, 1876, the third September 22, 1876, and the fourth September 29, 1876.   The notice required the persons interested to be and appear in the probate court on or before the first day of the October term, 1876, to show cause why an order for the sale of the lands mentioned in said notice should not be made for the payment of the debts of the deceased.    The record also shows that the first day of the October term, 1876, of the probate court was October 2, 1876.    The statute required said publication to be made "for four weeks."    This does not mean four publications, but it means four weeks of seven days each.    In other words, it means that twenty-eight days must elapse between the date of the first publication and the date on which the parties interested were required by the notice and the statute to appear in court and show cause why the order of sale for the land should not be made.    Young v. Downey, 145 Mo. 250; Early v. Doe, 16 How. 610; State ex rel. v. Tucker, 32 Mo. App. 620; Bank v. Pacific National Bank, 89 N. Y. 397; In re Hall Township, 47 Pa. St. 165; Collins v. Smith, 57 Wis. 284; Standford v. Warne, 27 Cal. 171; Reed v. Sexton, 20 Kan. 195; Teverbaugh v. Hawkins, 82 Mo. 180; Cunningham v. Anderson, 107 Mo. 371; Sibley v. Waffle, 16 N. Y. 180; Pardon v. Devire, 23 Ill. 572; Valle v. Fleming, 19 Mo. 454; Agan v. Shannon, 103 Mo. 668.    (5)  Although it is recited in the order of sale that notice had been published according to law, it is competent to overthrow such recital by showing by other portions of the record, of equal dignity and imparting equal verity, that such recital of publi-

cation is not true.   Williams v. Monroe, 125 Mo. 574; Cloud
v. Pierce City, 86 Mo. 357; Laney v. Garbee, 105 Mo. 355;
Milner v. Shipley, 94 Mo. 106; Bell v. Brinkman, 123 Mo.
270; 1 Fremont on Judg. (4 Ed.), sec. 125; Higgins v. Beck-
with, 102 Mo. 456; Barnett v. Wolf, 70 Ill. 76; Sibley v.
Waffle, 16 N. Y. 180.   (6)   Nor can it be said that the
court had power to make the order of sale, because the widow
had actual knowledge that the application for the sale of the
lands was to be made on October 2, 1876, and appeared in
court on that day and filed her objections.   At the time she
appeared and filed objections to the order of sale on the
second day of October, she did not pretend to appear in any
representative capacity for her child, nor in fact was she
then the curator of Lewis Downey.   She was appointed
curator on the ninth day of October a week later.   But even
had she been the curator of Lewis Downey at the time her
objections were filed, she could not, by undertaking to enter
his appearance or by filing objections or by any other act of
hers, waive the service of notice which the law required to
be made, not only upon the minor as the heir of the dece-
dent, but upon all other persons interested in the estate.
*Platte v. Anderson, 5 Ind. 33; Martin v. Starr, 7 Ind. 224;
Guy v. Pearson, 21 Ind. 18; Good v. Norley, 28 Ia. 188;
Railroad v. Campbell, 62 Mo. 585; Campbell v. Gas Co., 84
Mo. 352; Gibson v. Chouteau, 39 Mo. 537.

BURGESS, J.—This is an action of ejectment and is
before us upon the second appeal.   The former appeal was
by the plaintiff.   The judgment was then reversed and the
cause remanded for further trial.   [Young v. Downey et al.,
145 Mo. 250.]

From the judgment rendered upon the last trial both
parties appealed, but plaintiff having abandoned his appeal,
the case is now before us upon defendant's appeal.

The facts on the last trial as disclosed by the record, are substantially the same as upon the former trial, and are fully stated in the opinion in that case.

Plaintiff's contention is that no matter of exception can be passed upon in this appeal because neither the motion for a new trial nor in arrest of judgment is properly preserved in the bill of exceptions; that the bill of exceptions does not affirmatively show that the motion for a new trial was filed in time; that the bill of exceptions shows upon its face that it was not filed at the term at which the motion for a new trial and in arrest were overruled, and there is nothing in the bill showing that any leave was granted to file it at any subsequent time.

The verdict was rendered at the August term, 1898, and it is recited in the record: "And on the same day and within four days after rendition of judgment in the cause the defendants filed their motion for a new trial of this cause, as follows:" Then follows the motion which is set out in full. But it is insisted that as the statute (section 2243, R. S. 1889), requires that all motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not then before the end of the term; that the record must affirmatively show that the motion was filed within four days after verdict, and that this is not done by the fact that the record shows that the motion was filed within four days after judgment, because the presumption must be indulged that the judgment was not entered until four days after the return of the verdict. But no such presumption can or should be indulged for the reason that the record shows that the verdict was returned and the judgment rendered upon it at the same time. This is the universal practice in this State, and as the record shows that the motion for a new trial was filed within four days after judgment it must of necessity have

been filed within four days after the verdict. This we think a fair construction of the record.

The record shows that a motion in arrest was also filed by defendants, taken up and overruled, but it does not appear when it was filed, whether within four days after verdict or not, or when overruled, nor is the motion set forth in the bill of exceptions, and can not as a matter of course be considered.

Another contention is that the bill of exceptions was not filed in time, and that no matter of exception therein contained can be considered. But this seems to be a misconception of what the record does in fact show. While the bill was not filed at the August term, the record shows that by an entry of record made at said term the cause was continued on the motions of defendants for a new trial, and in arrest, and that at the next term which began on the first Monday of December next following, and on the seventh day of the month, the motions were overruled, and defendants by entry of record given leave to file bill of exceptions on or before the thirty-first day of January, 1889, which the record also shows was filed on the thirtieth day of that month. It is clear from these record entries that the bill was filed in time. [Sec. 2168, Revised Statutes 1889.]

It is insisted by defendants that the opinion of the court when the case was here before is not in harmony with the well established cases on the points in controversy, and, especially with respect to the sufficiency of the notice given by the administrator of his purpose to apply to the probate court of the county for an order to sell the land in controversy for the payments of debts, in which it was held that the notice was insufficient upon the ground that it was only published for twenty-four days when the statute [sec. 25, General Statutes of Mo., 1865, p. 498] required that it be published for four weeks. Haywood v. Russell, 44 Mo. 252, is relied upon as sustaining this contention, but that case is distinguishable

from the one in hand.   In that case the statute required that the notice should be published for four weeks, and that the last insertion should be at least four weeks before the commencement of the term, not that the last week should be four weeks before the term.   The notice was published in a weekly paper, in four consecutive numbers, which made four weeks, and it was held that the four weeks should end before the time; and that it was sufficient if the notice was published for four weeks, and if the last insertion, which was the commencement of the fourth week, was four weeks before the commencement of the term, it was a compliance with the law.

But the question with which we have to deal is not as to whether the last insertion of the notice in the paper was four weeks before the term as in that case, but whether the notice was published for four consecutive weeks before the first day of the term at which the application for the order to sell the land was made, and in this respect there is, we think, a very material difference in the two cases, and that there is no conflict between them.   [State ex rel. v. Tucker, 32 Mo. App. 620.]   The notice in this case was published on the 8th, 15th, 22d, and 29th of September while the first day of the court at which the order of sale was made began on the 2d of October thereafter, so that it is impossible that it could have been published for four weeks before the last named date.

Cruzen v. Stephens, 123 Mo. 337, is another case relied upon by defendants as supporting their contention.   In that case it was held that the insertion of an order of publication in a weekly newspaper "for four weeks" namely, on March 7th, 14th, 21st and 28th, 1889, was a compliance with a statute requiring four weeks' publication, and the case of Haywood v. Russell, *supra*, is cited with approval, although the facts in the two cases are as widely different as they are between the Haywood case and the case in hand.   These

are the Missouri decisions relied upon by defendants as supporting their position.

Now as to the decisions which sustain our former ruling upon this question. In Valle v. Fleming, 19 Mo. 455, it was ruled that an administrator's sale of land is void, when it appears affirmatively that the publication of notice, required by statute, previous to the order, could not have been made. That case was followed and the same rule announced in Agan v. Shannon, 103 Mo. 661, in which SHERWOOD, J., speaking for the court said: "If there is nothing in the probate records affirmatively showing the contrary, it will be presumed that the order of sale was made upon proper publication of notice. . . . The order of sale itself is evidence of any fact which it is necessary to give the power to make it, and it is only when the record shows that it was impossible that the notice could have been given, that the order of sale would prove invalid."

So in Hutchinson v. Shelley, 133 Mo. 400, it was ruled that an order of sale of land of a decedent for the payment of debts, made on petition on the day of filing the same, without giving notice to the heirs either by publication in some newspaper for four weeks or by ten printed hand bills twenty days before the term of court at which the order was made, as required by section 147, Revised Statutes 1889, was void and passed no title to the land.

If then an administrator's sale of land is void when it appears affirmatively that the publication of notice required by statute previous to the order could not have been made, or that it was not made, why is such sale not void when it affirmatively appears from the record, as in this case, that it was not made for four consecutive weeks before the order of sale was applied for? There is no difference in principle. The statute is mandatory and must be strictly complied with. [Waples on Proceedings in Rem, p. 98.].

"In all cases where constructive or substituted service is had in lieu of that which is personal, there must be a strict compliance with statutory provisions and conditions." [Charles v. Morrow, 99 Mo. 638, and authorities cited.]

In Wilson v. Railroad, 108 Mo. loc. cit. 596, SHERWOOD, P. J., in speaking for the court said: "Wherever service is had or notice given with the view of subsequent adjudication, such service or notice must comply with statutory requirements in order to possess any legal efficacy. [Allen v. Mfg. Co., 72 Mo. 326, and cases cited.] Mere notice of service, not according to law, brings no one into court, nor does mere knowledge on the part of the party notified of the pending proceedings have any more valid effect. [Potwine's Appeal, 31 Conn. 381; Smith, Merc. Law, 322.] Wherever proceedings are intended to result in an adjudication, and such proceedings differ from the course of the common law, a strict compliance with all material directions of the statute is essential. [Freem., Judgm. (3 Ed.), sec. 127, and cases cited.]" See, also, Railroad v. Hoereth, 144 Mo. 136.

Gibson v. Roll, 30 Ill. 172, was an action upon all fours like the case at bar. The action was ejectment. Plaintiff claimed title under an administrator's deed to the land which was sold for the payment of debts. The statute under which the proceedings by the administrator were had, required that notice of the intended application for the sale of the land should be published for three successive weeks; the first publication to be at least six weeks before the presenting of the petition. There was less than six weeks between the 24th of July when the notice was first published, and the third day of September when all persons interested were notified that the petition would be presented. It was held that notice by an administrator, of an application to sell lands, must be published for six full weeks before the day therein specified as the time when his petition would be presented, and, as the notice showed that this was not done, that

it was void upon its face and the court without jurisdiction to make the order.

In Davis v. Robinson, 70 Tex. 394, it was held under a statute which requires that a citation shall be published once in each week for four successive weeks previous to the return day thereof, that full twenty-eight days before return day, once in each week, for four successive weeks was required.

Again in Loughridge v. City of Huntington, 56 Ind. 253, it was held that the publication of an ordinance as required by the act incorporating said city, for three consecutive weeks in some newspaper, was a publication for twenty-one days, and not simply three insertions in such newspaper.

In Elliott's General Practice, vol. 1, page 450, it is said: "Where the notice is required to be published once each week for a certain number of weeks, the full number of days necessary to constitute the requisite number of weeks must, according to the weight of authority, elapse between the date of the first publication and the return day. So, it has been held that a statutory provision requiring publication for 'three successive weeks' means that twenty-one days must elapse between the first publication and the return day, and not simply three insertions in a weekly newspaper covering only fifteen days."

In Harness v. Cravens, 126 Mo. 233, SHERWOOD, J., speaking for the court said: "This doctrine is abundantly established, that when a mode of securing jurisdiction differing from that of the common law is prescribed by statute, nothing less than a rigid and exact compliance with the statute is an indispensable requisite to obtaining jurisdiction." Citing 1 Elliott's Genl. Prac., sec. 247; Granger v. Judge, 44 Mich. 384. There is then quoted with approval the following from that case, to wit: "Where cases and proceedings are not according to the usual course, and

are special in their character, they are held void on slighter grounds than regular suits, because the courts have not the same power over their records to correct them. So, where there has been no personal service within the jurisdiction, the doctrine prevails that proceedings not conforming to the statutes are void. But this is on the ground that there has been no service whatever, and the party, therefore, has not been notified, in any proper way, of anything. The purpose of the statutory methods is to furnish means which notice may possibly or probably be obtained. But, as a court acting outside of its jurisdiction is not recognized as entitled to obedience, the special statutory methods stand entirely on their own regularity, and, if not regular, can not be said to have been conducted under the statutes. The distinction is obvious and is not imaginary."

In Brown on Jurisdiction, sec. 41, it is said: "The judgment is based on the service as much as subject matter: The petition simply says: I have a cause of action against the defendant. The law says: Notify the defendant of the proceedings and the court will hear you. Hence the notice must be given under the forms of law. Where it provides a form, or gives direction as to the manner of service by publication, the statute must be complied with strictly; the direction is mandatory."

In the Harness-Cravens case, *supra*, Judge SHERWOOD also said: "It will not do to say that the unauthorized order of publication would be just as likely to apprise the then defendant of the suit against him as if he had been proceeded against according to the specific method prescribed by law, because, if this were all that is required, then a printed circular or letter sent out by the clerk would answer the end and accomplish the purpose just as well. The test is was the method used in given instance the one prescribed by the statute? If the answer is in the negative, that answer, without more, condemns the method employed, and announces its nullity.

Whether that method actually notified the party, is of no importance whatever. The end of the law has been attained when, and only when, its forms have been observed."

As was said in Hollingsworth v. Barbour, 4 Peters (U. S.) loc. cit. 475, "There is an obvious distinction in reason between this case and the case where there has been personal service of irregular or erroneous process. In that case the party has notice in part, and may, if he will, appear and object to or waive the irregularity; in this, the publication being unauthorized, is not even constructive notice; and, unless the proceedings are considered as void, the injured party may be remediless." [Parry v. Woodson, 33 Mo. 347.]

Where the service of process is personal, no question is better settled in this State than that a judgment by default, rendered upon such service within the time prescribed by statute, is void and may be attacked collaterally. [Sanders v. Rains, 10 Mo. 770; Williams v. Bower, 26 Mo. 601; Howard v. Clark, 43 Mo. 344.]

Bird v. Norquist, 46 Minn. 318, was an action before a justice of the peace, commenced by attachment levied upon the property of the defendant, who was a non-resident of the State, the summons was ordered to be served by publication, but the return day was less than six after the expiration of the period of publication, and on that day the justice entered judgment for the plaintiff, the defendant not appearing, and it was held that the justice had no jurisdiction, and the judgment was void.

So in Brownfield v. Dyer, 7 Bush. (Ky.) 505, it was held that in all proceedings upon constructive notice the provision of a statute regulating the same must be strictly complied with, and that when it requires that the defendant shall be warned to appear in the action on the first day of the next term of the court which does not commence within sixty days of the time of making the order, an order of the clerk warning the defendant to appear and answer on the first day

of a term commencing less than sixty days from the date of the order, is not only irregular, but absolutely void.

This question was fully discussed by the Kansas City Court of Appeals in State ex rel. v. Tucker, *supra*, and after an elaborate review of the authorities a statute which requires that notice of an election shall be given by publication in some newspaper published in the county for four consecutive weeks, the last insertion to be ten days next before such election, it was held that there must be four weeks' notice (twenty-eight days' notice) of the election, the computation to be made by excluding the first day of the notice and including the day of the election. There are cases which seem to sustain defendant's contention, but the decided weight of authority in this State and elsewhere, is in accord with the views which we have expressed, which we think supported by the soundest reasoning.

It was only by a strict compliance with the statute that the court could have acquired jurisdiction to make the order in the absence of which the sale by the administrator must be held to be void. When the statute requires four weeks' publication of such notices, it does not mean twenty-four days, or any less number than twenty-eight. If twenty-four days' publication of the notice will suffice, then a still less number will also, or the publication may be dispensed with entirely.

But it is insisted that the case of Haywood v. Russell, *supra*, should be adhered to upon the ground that the rule therein announced has become a rule of property, on the faith of which many titles founded on judicial sales depend. We have, however, pointed out wherein that case differs from this, and, given our reasons why it should not be regarded as an authority in favor of defendants' contention that four insertions in a weekly newspaper of the notice by the administrator of his purpose to apply to the probate court for an order of the sale of the land, was a compliance

with the statute requiring such notice to be published for four weeks before such application, and this, too, notwithstanding the notice was only published for twenty-four days. If we are correct as to what that case decides, the doctrine of *stare decisis* can not be invoked by defendants on account of the ruling in that case, for the reason that as we have said its facts are entirely dissimilar from the facts in this. The question then arises as to whether the doctrine should apply to the Cruzen case, which does sustain defendants' position. That case was decided in June, 1894, while the case of Valle v. Fleming, *supra*, which announces a different rule was decided in March, 1854, over forty years ago; and has been repeatedly followed without ever having been called in question.

In the light of these authorities should the ruling in the Cruzen case, which we think not in line therewith, and not supported by either reason or authority be adhered to upon the ground of *stare decisis*. It is of so recent promulgation that it is not probable that property rights will be seriously affected by its being overruled, especially when what seems to us to be the repeated adverse rulings of this court, referred to, are taken into consideration, as they should be, and, it is only upon this ground that the rule can be invoked in this case. In 23 Am. and Eng. Ency. of Law, 36, it is said: "No prior decision is to be reversed without good and sufficient cause, yet the rule is not in any sense iron-clad, and the future and permanent good to the public is to be considered rather than any particular case or interest. Even if the decision affects real estate interests and titles, there may be cases where it is plainly the duty of the court to interfere and overrule a bad decision. Precedent should not have an overwhelming or despotic influence in shaping legal decisions. No elementary or well settled principle of law can be violated by any decision for any length of time. The benefit to the public in the future is of greater moment than any

incorrect decision in the past. Wherever a correction can be made without working more harm than good, it should be done."

To let the decision stand when the rule therein announced as to what constitutes four weeks' publication of a notice, is so at war with what everybody understands to be twenty-eight days, can but result in more harm than good, and be the source of much litigation in the future. It should therefore be overruled.

Another contention is that the case as now presented is somewhat different from what it was when here before in that it then appeared, inferentially at least, that Angelina Downey's objections to the order of sale in the probate court was simply for herself and for her own interest; when in fact the record now shows that she appeared for herself and for her infant child, Lewis Downey, and objected to the sale of the land until his interest could be ascertained, and, that as she appeared for him, he is bound by the order of sale.

But it also appears from the record that Angelina Downey was not at that time the legal guardian of Lewis Downey, consequently no act of hers was binding on him, nor did the fact that she was within a few days thereafter duly appointed and qualified as his guardian confirm what she had theretofore done without authority.

Nor was error committed in excluding the written receipt from Young, the guardian of Lewis Downey, in full for himself personally and as administrator for all claims growing out of the guardianship or out of the administration in favor of his ward, Lewis Downey, as it had no tendency to show a confirmation of the sale of the land by Downey.

For these considerations the judgment should be affirmed, and it is so ordered. GANTT, P. J., and SHERWOOD, J., concur.