(Court of Appeal, Parish of Orleans).

## MRS. MILDRED M. O'CONNER vs. R. M. JONES.

1. Foreign corporations may do business in a State only by the grace and license of the State; when they do so they accept the laws of such State as they may be whilst such corporation remains therein.

2. Act 261 of 1908 and Act 284 of 1908 must be read together. Act 261 makes no distinction between foreign and domestic corporations, and applies to both alike. Act 284 provides a method of serving foreign corporations which is not exclusive, but only additional to that provided by Act 261.

3. Service of garnishment process upon a corporation may be made in the same manner as any other process, and need not be *"personal."*

Appeal from the Civil District Court, Division "A."

Woodville & Woodville, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, G. Fernandez, attorneys.

Merrick & Lewis, for intervenors.

Porteous & McMurray, for appellant.

ST. PAUL, J.—This case has been before us already under the No. 4909 of our docket, and the facts are stated in the opinion which we then handed down, and in which we remanded the case for the purpose of completing the sheriff's return on the garnishment process herein issued.

See 7th Ct. of App., 265.

From the return as completed we find that the garnishee, a foreign corporation, was served with the writ

by leaving the same at the office of the company in the hands of a male employee of said company above the age of 14 years, the officers and agent of said company being absent at the time, all in accordance with provisions of Act 261 of 1908.

In our former opinion we held that Act 261 of 1908, relating to service of process upon corporations generally, and Act 284 of the same session, relative to the services to be made on foreign corporations, must be read together. Act 261 makes no distinction between foreign and domestic corporations and applies to both alike. Act 284 provides a method of serving foreign corporations which in our opinion is not exclusive, but only additional to that provided by Act 261.

As to the validity of these two acts there can not be the slightest question, and no such question is raised. Foreign corporations may do business in a State only by the grace and license of the State, and when they do so, establishing places of business therein and bringing their property into the State, they accept the laws of such State as they may be whilst such corporations remain therein.

Civil Code, 9.

And the public policy of this State, as expressed in the whole legislation and jurisprudence thereof, has ever been that foreign corporations should stand on the same footing as domestic corporations.

Such service as herein made would have been a valid service on any domestic corporation, and in our opinion was equally valid when made upon a foreign corporation

47 An. 389.

It is contended, however, that the Code of Practice, Article 246, provides that process of **garnishment** must be **personal** upon the garnishee; that accordingly even if the service herein be sufficient for ordinary purposes, it will not suffice in a garnishment proceeding because such service was not personal upon the garnishee.

— 245 —

For a proper solution of this question we should be able to declare what constitutes a **personal** service upon a corporation, if such a thing there be; but this we confess our unability to do.

Nowhere do our statutes define what shall constitute a personal service upon a corporation. Nor have we, or the counsel in the case, been able to find a single authority in this or any other jurisdiction which might assist us.

Indeed a corporation, being an ideal, and not a physical entity, it is impossible to serve it personally; any service upon it must necessarily be upon some agent thereof, whether he be the president or some lesser employee. But the former is no more the corporation than the latter; and it would be nothing less than judicial legislation on our part to declare that the service would be personal when made upon certain officers or agents, but not so if made upon some other. **Ubi lex non distinguit nec nos distinguere debamus.**

We are, therefore, of opinion that there can be no personal service upon a corporation; and it then follows either that a corporation can never be made garnishee, or that the requirement as to personal service upon a garnishee has no application to corporations.

We hold to the latter view, for we can not conceive that the law even intended the other alternative. And since corporations cannot be reached personally, some other process must be resorted to, and service in the manner required for ordinary citation will suffice.

See **Code of Practice, 130.** Also, **Missouri K. & E. Ry. Co. vs. Hereth, 144 Mo. 136 (45 S. W. 1085); Boston C. & M. R. R. vs. State, 32 N. H. 215; State vs. Western N. C. R. R., 89 N. C. 584; United States vs. John Kelso Co., 86 Fed. Rep. 304.**

We think the judgment appealed from is correct.

Judgment affirmed.

March 20, 1911.

Rehearing refused, April 17, 1911.

Writ granted by Supreme Court, May 27, 1911.