# HARRIS *et al.* v. SMILEY.

No. 1350.  Opinion Filed November 19, 1912.

(128 Pac. 276.)

1. **EXECUTION—Relief by Injunction—Power of Court of Equity.** A court of equity, in certain cases, has power to prevent, by injunction, the service of an execution issued on a void judgment.

2. **INJUNCTION—Nature of Relief—Pleading—Exhaustion of Legal Remedies.** A petition for an injunction, in order to warrant the issuance of the writ, must contain all the necessary allegations showing plaintiff to be entitled to the relief sought; and it will not be good as against a general demurrer, unless it shows that, plaintiff has pursued and exhausted all legal remedies he may have, or show that they are inadequate to give the plain and speedy relief to which he is entitled.

3. **SAME—Adequacy of Remedy at Law.** If it appears from the petition that plaintiff has a plain, speedy, and adequate remedy at law, equity will not grant him relief by injunction.

4. **EXECUTION—Relief by Injunction—Adequacy of Legal Remedy.** An irregular or void execution, or an execution issued on a void judgment, is always open to direct attack by the judgment debtor upon affidavit of illegality or motion to discharge the property seized thereunder, or to quash or set aside.

5. **INJUNCTION—Actions for Injunctions—Petition.** Petition for injunction challenged by demurrer examined, and held to be insufficient to warrant the issuance of the writ.

(Syllabus by Robertson, C.)

*Error from District Court, McClain County;*

*R. McMillan, Judge.*

Action by J. Smiley against R. Harris and others for injunction and damages. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

*Rennie, Hocker & Moore,* for plaintiffs in error.

*Clinton A. Galbraith* and *Tom D. McKeown,* for defendant in error.

Opinion by ROBERTSON, C.   This was an action by J. Smiley, defendant in error,·plaintiff below, against R. Harris, J. W. Lokey, and C. S. Beard, plaintiffs in error, defendants below, for an injunction and for damages.   It appears from the record that one Isabel Anderson, a nonresident, was indebted to R. Harris, a merchant at Byars, and that J. Smiley was indebted to said Anderson on a promissory note, not yet due.   Harris instituted a suit against Anderson, before Lokey, a justice of the peace at Byars, and procured a garnishment process to be served on Smiley.   Smiley answered that he was indebted to Anderson in the sum of $100, due on November 1, 1908.   Judgment was rendered against Anderson in favor of Harris, and Smiley was ordered by the justice of the peace to pay Harris the $100 which he admitted he owed Anderson.   Judgment was entered on March 28, 1908, and in January, 1909, Smiley not having obeyed the order of the justice of the peace, Harris procured an execution against Smiley on the order made by the justice, and the same was placed in the hands of C. S. Beard, a deputy sheriff of McClain county, for service. He executed the same by levying upon and taking into his possession two horses belonging to Smiley and advertising them for sale, the sale to occur on February 4, 1909.   Smiley brought suit in the district court of McClain county to restrain the deputy sheriff from selling his horses. Harris, the judgment creditor, and Lokey, the justice of the peace, were also joined in said suit as defendants.· A temporary injunction was issued and served.   The defendants appeared and demurred to the petition, which demurrer was sustained by the court.   Smiley thereupon obtained leave of court to amend his petition, which was done; whereupon the second demurrer was interposed by the defendants, and was overruled by the court.   Defendants elected to stand on their demurrer, and refused to plead further; whereupon judgment was entered against them and the temporary injunction made permanent, and damages were awarded to Smiley in the sum of $75, to all of which the defendants excepted and bring this appeal to reverse said judgment.

The only question presented by the appeal in this case is the sufficiency of the petition as challenged by the demurrer of

the defendants. Counsel for defendant in error seemingly rely upon the fact that the judgment of the justice of the peace, in so far as it affects Smiley, is absolutely void, and of no effect, and that an injunction is the proper remedy to prevent the sale of his client's property under the execution issued thereon. He cites the case of *Missouri Pacific R. Co. v. Reid et al.*, 34 Kan. 410, 8 Pac. 846, and the cases therein referred to, as a case on "all fours" with and decisive of the case at bar.

If the question in this case was limited, as was the question in that case, to whether or not injunction is an available remedy to prevent service of execution in case of a void judgment, we might be persuaded to agree with counsel for defendant in error; for, without doubt, a court of equity, in certain cases, has power to prevent, by injunction, the service of an execution issued on a void judgment. This, however, on the assumption that the petition of plaintiff, who seeks the injunction, shows that he is entitled to such relief, and that he has no legal remedy, or that the same is inadequate to give him a plain and speedy relief, or to prevent a continuing nuisance or a multiplicity of suits. But, before a court of equity will grant an injunction in such a case, it must affirmatively appear that the party seeking such relief is entitled to such remedy. It is a fundamental rule, so well established that citation of authority is unnecessary, that, to enable one to secure injunctional relief, he must show affirmatively in his petition that he has exhausted his legal remedies, or that they are inadequate to give him plain and speedy relief, and that, unless such relief is granted by injunction, he will suffer great and irreparable damage. If it appears from the pleadings that he has a plain, speedy, and adequate remedy at law, equity will not grant him relief by injunction. Therefore the question arises: Did Smiley have a plain, adequate, and speedy remedy at law in this case, and, if not, was he, by reason of such lack of legal remedy, entitled to the equitable relief prayed for in his petition?

We are of opinion that the judgment of the justice of the peace as pleaded by defendant in error in the court below, is void, although we do not specifically pass upon that question at this

time; the case not calling for an expression from us on that point. But, conceding it to be void, the petition does not show that defendant in error has pursued, much less exhausted, any of the legal remedies provided for him by statute for his relief. Without doubt, a motion filed in the original case in the justice court would be sufficient authority for the justice to recall the execution.

No opportunity had been given the justice of the peace; leastwise nothing in the record shows that the attention of the justice had ever been called to the alleged error which resulted in the rendition of the judgment complained of. No question had been raised concerning the jurisdiction of the justice court over the persons of the parties or the subject-matter of the controversy, and we are unwilling to believe that any court, even one of such inferior jurisdiction as justice of the peace, would willfully refuse to correct an error of judgment, either of procedure or on the merits, after the same has been pointed out, in any case pending before it. In this case it clearly appears that no effort was made to obtain from the justice the relief sought in the district court. The law requires, and common courtesy demands, that the lower court be given an opportunity to correct, especially while the matter is pending before it, any error into which it may, by erroneous view of law or mistake of fact, have fallen; and a litigant, failing to pursue the remdey given him by law, will not be allowed to seek in a court of equity that relief which is afforded, and which has not been denied him in a court of law. Equity relieves only in case of failure of the law to grant adequate relief. No hard and fast rules governing all cases can be formulated. . Each case must be decided upon its own peculiar circumstances. In our opinion, in the case at bar, as shown by the petition, no good reason exists for the interposition of the powers of a court of equity.

Further, if the contention of defendant in error is correct, and the judgment void, no title to the property sold would pass to the purchaser, and replevin would lie, and would, in this case, be an adequate remedy at law to one whose property had thus been wrongfully taken from him by a trespasser. So, too, might

he pursue his remedy in conversion; perhaps also by an action against the officer on his official bond. It may also be that defendant, after exhausting his remedy in the justice court, would yet have an adequate remedy by way of appeal. We cannot assume, however, that the justice court would commit error by refusing to correct former errors when regularly pointed out in good faith by the aggrieved party.

It will also be observed that the petition does not state that plaintiff is a married man, or the head of a family residing in the state; nor does it anywhere negative the fact that he is a nonresident, or that he is a debtor in the act of removing his family from the state. These facts were required to be shown under the law in force at the time the petition was filed (February 1, 1909) in order to entitle a person to claim the property as exempt, which, as we read the petition, the plaintiff below relies upon as one of the grounds for recovery in this action.

As a general rule, where there is no adequate remedy at law, and special circumstances of hardship are made to appear, equity may order a stay of execution, or enjoin proceedings under an execution already issued (24 Cyc. 629), but in this case it is evident that defendant in error had a plain, speedy, and adequate remedy at law; nor do the circumstances of the case warrant us in saying that the hardships and inconveniences which might reasonably be expected to flow from the sale of the property, under the execution, are of such magnitude as would, in themselves, warrant the interposition of the powers of a court of equity.

An irregular or void execution, or an execution issued on a void judgment, is always open to direct attack by the judgment debtor upon affidavit of illegality, or motion to discharge the property seized thereunder, or to quash or set aside. 24 Cyc. 628. Indeed, it is the general rule that injunction is not the proper remedy to prevent a sale under an execution void upon its face, or under an execution issued upon a void judgment. The appropriate remedy, as above stated, is by application to the court of issuance, or sometimes by appeal. 17 Cyc. 117.

Thus, in *Hanson v. Johnson*, 20 Minn. 194 (Gil. 172), it is said:

"But, notwithstanding the execution is void, this is not a case for an injunction. The execution is upon its own face, and upon the face of the record in the action in which it assumes to be issued, void. A sale under such an execution, though it might practically occasion some annoyance, would create no cloud upon the plaintiff's title, since it would be void for reasons upon the record, and upon the face of the proceedings."

In *St. Louis & S. F. R. Co. v. Lowder*, 138 Mo. 533, 39 S. W. 799, 60 Am. St. Rep. 565, it is said in the syllabus:

"A court of equity will not enjoin an execution issued on a void judgment rendered by a justice of the peace. The defendant has an adequate remedy at law."

While in the body of the opinion it is said:

"The execution, being regular upon its face, and emanating from a court having jurisdiction of the subject-matter, was a sufficient protection to the constable against any action of trespass which might be brought against him by the judgment debtor, notwithstanding both judgment and execution were void; but it does not for that reason follow that the defendant in that suit did not have full, complete, and adequate remedy at law against the collection of a judgment which it alleges to be void. The defendant in the execution, plaintiff here, could have replevied the property from the purchaser after its sale by the constable under the execution. In such case the remedy at law would be ample and adequate. The judgment and execution being void, no title would have passed to the purchaser of the property thereunder, notwithstanding such execution may have been a protection to the officer against an action of trespass against him by the owner of the property."

See, also, *M., K. & T. Ry. Co. v. Hoereth*, 144 Mo. 148, 45 S. W. 1085.

As was said by our own court in *Crist v. Cosby*, 11 Okla. 644, 69 Pac. 888:

"There is a general underlying principle here covering this entire case that seems to have been entirely overlooked by counsel. The general rule that equitable relief cannot be given where parties have negligently, or without cause, failed to present their defenses applies here. There is no allegation whatever in the petition that any application has been made for relief to the court that rendered the judgment; and, under all circumstances, where

there has been no such application, the rule is general that an injunction will be denied."

The above was spoken by the court while considering a case pending in the probate court, within the jurisdiction of a justice of the peace, and is specially applicable to the case at bar.

In American & English Encyclopedia of Law (2d Ed.), vol. 16, p. 374, it is said:

"The only cases in which equity will relieve against a judgment on grounds which might have been availed of as a defense to the action at law are where the party was prevented from making such defense, not through any lack of diligence on his part, but through fraud, accident, surprise, or some adventitious circumstances beyond his control. This proposition has been so repeatedly affirmed that it has become a principle and maxim of equity; and it is so inflexible that it will not be abrogated, even where the judgment is manifestly wrong in law or fact, or will work injustice or hardship."

In *Crist v. Cosby, supra,* it is also said:

"If property is wrongfully levied upon, the party interested must proceed in the court from which the execution issued, to have the levy discharged, and cannot obtain the desired relief by injunction in a separate action."

And further:

"A party claiming an interest in property levied upon under an execution has an adequate remedy at law, by way of motion, to have the property released from the levy."

In *Sanchez v. Carrigan,* 31 Cal. 173, Mr. Justice Field said:

"* * * Taking the allegations of the complaint as true, then, that the judgment and execution are absolutely void, there was a speedy, adequate, and complete remedy by a proper application to the court in which the judgment purports to have been rendered, and the complaint does not disclose a proper case for injunction."

We are not unmindful of the apparent conflict between the rule announced in this opinion and that enunciated in *Missouri Pacific R. Co. v. Reid et al., supra.* It must not be forgotten, however, that the question presented in the case at bar was not before the court in that case, and the Supreme Court of Kansas did not pass upon it, directly or indirectly. In that case the sufficiency of the petition was not challenged, as it was in this, and it is

presumed that the petition contained all the necessary allegations required by law—something, it will be remembered, that does not obtain in this case. The only question in this case is the sufficiency of the allegations of the petition, and the question as to whether or not the service of an execution, issued on a void judgment, can be enjoined is not decided, for the reason that such question is not directly presented by this case; and, as has been hereinbefore pointed out, the petition is lacking in several material averments, without which the trial court would not be warranted in granting the injunctive relief prayed for, and without which the question (decided by the Kansas Supreme Court in the case above referred to) as to whether or not a void judgment can be enjoined cannot be completely answered in this case.

For the reasons hereinabove given, it necessarily follows that the judgment of the district court of McClain county should be reversed and the cause remanded, with instructions to sustain the demurrer, and for such other proceedings as may be necessary.

By the Court: It is so ordered.