HAYWOOD, CARR *et al.*, Respondents, *v.* A. H. RUSSELL *et al.*, Appellants.

1. *Attachment — Non-residence — Notice, under act of 1855, should state the amount claimed.*— Where attachment was levied on certain land of defendant, on the ground of his non-residence, notice of the suit stating that the proceedings were "founded upon two promissory notes for the sum of $386.94," embraced a sufficient statement of the nature of the demand, under section 23, chapter 12, R. C. 1855; but is defective, under that section, in not stating whether the sum named in the notice was the amount claimed by plaintiffs; and execution issued on attachment based on such notice may be quashed.

2. *Attachment — Non-residence — Notice, last publication of, how long before next term.*— Under the provision of 1855, concerning notice of attachment (R. C. 1855, ch. 12, § 23), it is not necessary that the commencement of the publication should be eight weeks before the next term of court, nor that the four weeks should end four weeks before the next term. It is sufficient if the publication be four weeks, and if the last insertion, which is the commencement of the fourth week, be four weeks before the commencement of the term.

*Appeal from Third District Court.*

*Phillips & Vest,* with *McLean & Shick,* for appellants.

*T. A. Sherwood,* for respondents.

BLISS, Judge, delivered the opinion of the court.

Plaintiffs attached certain real estate of defendant Russell, by process from the Circuit Court of Benton county, obtained judgment by default, issued special *fi. fa.,* and sold the property. The ground of the attachment was non-residence, and no personal service was had. After judgment, defendant appeared and moved to set it aside for irregularity in the notice and other reasons.

The statute of 1855, under which these proceedings were instituted, required that the notice should state the "nature and amount of the plaintiff's demand." The notice in question states that the proceedings were "founded on two promissory notes for the sum of $386.94." Is this a statement of the nature and amount of the demand?

A very liberal interpretation has been given to the statute, so far as it requires a statement of the nature of the demand. In Sloan v. Forse, 11 Mo. 126, it was held to be a sufficient statement if the action was described as "an action of *assumpsit.*" Regarding that case as authority, surely a description of the claim as "founded on two promissory notes" may be regarded as giving with sufficient certainty the nature of the demand.

With regard to the amount of the demand there is more uncertainty. The original amount of the notes was probably $386.94, but what is due upon them nowhere appears; nor does the notice give any data from which the amount can be computed. Defendants may be owing ten, or a hundred, or a thousand dollars, for anything that appears in the notice, and a default was actually taken for $516. The object of the notice is to advise the defendant and all others interested of the general character of the claim, and especially of the amount claimed,

17—VOL. XLIV.

that they may decide whether to appear and defend, or let the property go to pay the debt. This notice is wholly uncertain upon a material point, and though the proceedings may not be void, they certainly can be reached in a direct proceeding like the present.

The objection to the time of publication is not well taken. The statute requires that notice should be published for four weeks, and that the last insertion should be at least four weeks before the commencement of the term. If the first publication is for one week, surely the other three are for one week each, and it is only necessary that "the last insertion"—not the last week—should be four weeks. before the term. The notice objected to was published in a weekly paper, in four consecutive numbers, which makes four weeks. The objection assumes that the commencement of the publication should be eight weeks before the term, which is not required, nor is it required that the four weeks should end four weeks before the term. It is sufficient if it be for four weeks, and if the last insertion, which is the commencement of the fourth week, be four weeks before the commencement of the term.

There are other matters in the record, not brought directly before us, upon which we give no opinion. For the irregularity of the notice in not specifying the amount of the demand, or giving any data from which the amount could be computed, we think the Circuit Court should have set aside the judgment.

The judgment of the District Court affirming that of the Circuit Court is reversed, and the judgment of the Circuit Court is reversed and the cause remanded for further proceedings. The other judges concur.