CITY OF POPLAR BLUFF to the use of H. H. JOLLY, Appellant, v. ERNEST BACON et al., Respondents.

Springfield Court of Appeals, June 6, 1910.

1. TAXBILLS: Street Improvement: Quantity of Material to be Used. Where the published resolution of a city council of a city of the third class provides for the improvement of a street with macadam *four* inches thick, and the estimate of the cost of the improvement filed several months thereafter and the ordinance subsequently passed, called for macadam *six* inches thick; *held*, that the special taxbills issued for the improvement were void.

2. ——: ——: **Resolution Should State Kind of Improvement.**
The resolution of the city council providing for street improve-
ment should state directly or by reference the nature and
character of the improvements, otherwise the proceedings are
without jurisdiction and the taxbills issued would not be
valid.

3. ——: ——: ——: **Publication of Resolution.** The resolu-
tion of the city council declaratory of the necessity of the street
improvement provided by the statute to be published in the
official paper is for the information and benefit of owners
whose property is to be taxed to pay for the proposed improve-
ments.

4. ——: ——: **Remonstrance of Property-owners.** The law
provides that property-owners may, within a certain time after
the publication of the improvement resolution, remonstrate
against the proposed street improvement, and the right to
proceed with the improvement depends upon the failure of the
taxpayers to remonstrate.

5. **PLEADING: Action on Taxbill: General Denial.** In a suit on a
special taxbill issued for street improvement, a general denial
is sufficient to raise the question of the validity of the taxbill
because of the difference in the resolution and in the subsequent
proceedings relating to the depth of macadam to be used in the
improvement.

Appeal from Butler Circuit Court.—*Hon. J. C. Shep-
pard,* Judge.

AFFIRMED.

*David W. Hill* for appellant.

(1) The trial court correctly ruled that plaintiff's
petition stated a cause of action. Joplin ex rel. v. Hol-
lingshead, 123 Mo. App. 602; Sedalia ex rel. v. Smith,
206 Mo. 346; Joplin ex rel. v. Freeman, 125 Mo. App.
717; R. S. 1899, secs. 5858, 5859, 5860; Sessions Acts
of 1901, p. 63. (2) That portion of the contract which
attempted to limit the contractor to "limestone" rock
was in violation of the ordinance and the contractor
was not bound to use "limestone" rock, and the fact
that a small per cent of the rock used would not pass
through a two inch ring would not vitiate the taxbill,
as substantial compliance with the contract is all that

is required. Cole v. Skrainka, 37 Mo. App. 427; Heman
v. Gerardi, 96 Mo. App. 231; Marionville to use v. Henson, 65 Mo. App. 397.

*James F. Green* and *Ernest A. Green* for respondents.

(1)   The resolution authorizing and providing for
the proposed improvement did not describe the kind and
character of the improvement or designate the materials
of which the improvement was to be made. Coulter v.
Construction Co., 131 Mo. App. 233; Paving Co. v.
O'Brien, 128 Mo. App. 280; Kirksville v. Coleman, 103
Mo. App. 215; Kansas City v. Askew, 105 Mo. App. 84.
(2)   The proposed plans, estimates and specifications
for this work were not filed until more than six months
after the passage of the resolution authorizing the work.
Dickey v. Holmes, 109 Mo. App. 721; Jones v. Plummer,
137 Mo. App. 337.   (3)   The resolution declares for
the crushed stone to be four inches thick, while the
ordinance, plans and contract provided for six inches
in depth.   Kirksville v. Coleman,   103 Mo. App. 215;
Trenton v. Collier, 68 Mo. App. 483.   (4)   The contract did not conform to either the resolution or the
ordinance, and was therefore invalid.   R. S. 1899, sec.
5860; DeSoto v. Showman, 100 Mo. App. 329; Galbreath
v. Newton, 30 Mo. App. 392; Excelsior Springs v. Ettenson, 120 Mo. App. 215; Turner v. Springfield, 117
Mo. App. 418; McCormick v. Moore, 134 Mo. App. 679.
(5)   The proof clearly showed a total failure on the
part of the contractor to substantially perform his contract and, therefore, this action could not be maintained.   Kansas City v. Askew, 105 Mo. App. 87; Traders Bank v. Payne, 31 Mo. App. 512; West v. Porter,
89 Mo. App. 153; Jones v. Plummer, 137 Mo. 337.   (6)
Plaintiff's petition wholly failed to state a cause of
action.   Sedalia v. Abell, 103 Mo. App. 436; Wheeler
v. Poplar Bluff, 149 Mo. 36; Carthage v. Badgley, 73
Mo. App. 123.

GRAY, J.—This is a suit for the enforcement of a special taxbill in the sum of $63.25, levied by the city of Poplar Bluff, a city of the third class, against the real estate of the defendants, for macadamizing a portion of Main street, in said city.

On the 5th day of November, 1906, the mayor and real estate of the defendants, for macadamizing a porposed improvement as follows: "The proposition is to macadamize with crushed rock four inches deep and 27 feet wide." At the time this resolution was passed, and for several months thereafter, no plan, specification or estimate was on file in the office of the city clerk, but on the 29th day of July, 1907, an estimate of the cost, made by one W. E. Morrison was filed. This estimate provided that the grading and preparing the street for the macadam should be paid for by the city, and that the macadam or crushed rock to be placed on the street should be of a size that would pass through a two-inch ring and put on the street six inches deep, and for the width of twenty-seven feet, estimating the cost of the same at one dollar per lineal foot of street. On the same day the estimate was filed, the council passed an ordinance for the improvement, reciting the resolution, the publication thereof, and the fact that no remonstrance had been filed, and that W. E. Morrison, by order of the council, had made and filed with the city clerk a proper estimate of the work. The ordinance provided that the profile, maps and estimate of work as made by the city engineer and said Morrison, were approved and adopted.

In September, 1907, a contract was entered into between the city and H. H. Jolly. In this contract the work to be done was described as follows: "That the first party will macadamize said street with crushed limestone rock; said rock having been first crushed to a size that the largest piece will pass through a ring two inches in diameter."

The cause was tried to a jury on the 20th day of October, 1907, and at the close of the testimony, the court instructed the jury to find the issues for the defendant, and the jury returned a verdict for the defendant, and judgment was rendered thereon, from which the plaintiff appealed to this court.

The petition alleges the making of the resolution, ordinance, contract, performance of the work, and the issuing of the taxbill, a copy of which was set forth in the petition. The answer contained a general denial, and also several separate and distinct defenses.

The uncontradicted testimony shows that crushed limestone as called for in the contract, was not used by the contractor in making the improvement. The contractor, testifying for himself, stated that the only crushed limestone there was in or near Poplar Bluff, was what he had shipped in to make improvements, and that he used no crushed limestone in making the improvement. The resolution, ordinance or specifications did not call for "crushed limestone," but only called for "crushed stone," and the appellant maintains that he was not required to use the limestone, although his contract provided therefor. It is not claimed that the difference in the contract, ordinance and specifications was caused through mistake.

The original resolution provided for macadamizing to the depth of four inches. At the time the resolution was published, no specifications for the work were on file in the office of the city clerk, so the only information the property-owner had concerning the proposed improvement, was contained in the resolution. Several months afterward, the specifications and ordinance for the proposed improvement were adopted, and therein it was stated that the macadam should be to the depth of six inches. The respondent claims that the difference between the resolution and the estimate, ordinance and contract, were so material that the taxbills are void.

It has been decided several times in this State, that the resolution should state directly or by reference, the nature and character of the improvements, otherwise the proceedings are without jurisdiction. [Coulter v. Construction Co., 131 Mo. App. 230, 110 S. W. 655; Barber Asphalt Co. v. O'Brien, 128 Mo. App. 267, 107 S. W. 25; Kirksville v. Coleman, 103 Mo. App. 215, 77 S. W. 120; Galbreath v. Newton, 30 Mo. App. 393; Kansas City ex rel. v. Askew, 105 Mo. App. 84, 79 S. W. 483.]

The resolution declaratory of the necessity of the improvement provided by the statute to be published in the official paper, is for the information and benefit of owners whose property is to be taxed to pay for the proposed improvement. When this notice is published, property-owners are supposed to be notified thereby of what the council propose to do. The law provides that the property-owners may remonstrate within a certain time, and the right to proceed with the improvement depends upon the failure of the taxpayers to remonstrate.

When the resolution is published stating that it is proposed to improve the street in the manner set forth therein, the property-owner is then called upon to decide whether the work shall go on or whether he shall file a remonstrance. When the resolution states that it is proposed to macadamize the street with crushed rock to the depth of four inches, the taxpayer has the right to assume that the resolution correctly states the depth of the macadam to be placed on the street.

It stands admitted in this case, that during the entire period the property-owners were allowed by law to file a remonstrance, there was no proposition considered by the council to macadamize the street to the depth of six inches, so that when this matter did come before the council, the time given by law to the property-owners to file a remonstrance, had expired.

144 App—31

When the resolution was passed, the council seemed to be of the opinion that the crushed rock placed upon the street to the depth of four inches, was all that was necessary, and it may be the property-owners were of the same opinion, and therefore, did not object to the council proceeding with the work. The cost of putting the crushed rock on the street to the depth of six inches, as provided in the subsequent ordinance and contract, undoubtedly materially increased the costs to the property-owner.

If the council, after passing the resolution, and after the time given to the property-owner by law to remonstrate has passed, can make the change that was made in this case, then the council can, by resolution, provide for paving a street with brick and subsequently let a contract to pave with another material much more expensive.

There was an effort made to show that one of the defendants was instrumental in getting the council to change from four inches provided in the resolution, to six inches provided in the contract, but the effort was unsuccessful.

The answer did not especially plead that the taxbills were void because of the difference provided for the depth of the macadam in the resolution and subsequent proceedings, and respondent insists that on account thereof, the matter was not before the court for review. We believe the general denial sufficient to raise this question. [Cushing v. Powell, 130 Mo. App. 576, 109 S. W. 1054; State ex rel. v. Rau, 93 Mo. 126, 5 S. W. 697; Chillicothe ex rel. v. Henry, 136 Mo. App. 468, 118 S. W. 486.]

In view of the fact that we deem the taxbill void on account of the difference between the resolution and subsequent proceedings as to the quantity of macadam to be used in the improvement, it will not be necessary to pass upon any other question involved. In support of the proposition that the taxbill is void for the reason

assigned, reference is made to the first list of authorities cited in this opinion.

The judgment of the trial court will be affirmed. All concur.