R. G. BLAIR, Respondent, v. HENRIETTA G. GLENN, Appellant.

Springfield Court of Appeals, January 30, 1915.

1. TAX BILLS: Notation of Assignment: Interest. The assignee of a special tax bill for street improvements did not cause a notation of such assignment to be made in the city clerk's office according to Sec. 9256, R. S. 1909 (Amended Laws, 1911, p. 341). It was not shown that the property owner at any time desired to pay the tax. The failure to have such assignment noted did not stop the running of interest.

2. ———: Alleging Special Ordinance: Denial: Burden of Proof. Action on a special tax bill for street improvements. The tax bill offered in evidence recited that a special ordinance provided for the work. Defendant contended that there was no such special ordinance. The burden was on him to establish such contention.

3. ———: Ordinances: Street Improvements: Material Designated. A general improvement ordinance under which a street was improved examined and *held* that the objection that it left uncertain the character of the material to be used was not tenable.

4. ———: Street Improvements: Ordinances and Resolutions: Sufficiency. A preliminary resolution described the portion of the street to be improved, what the improvement was to be and recited that such improvement was to be made pursuant to plans, specifications and the general ordinance. This was sufficient where the plans and specifications and general ordinance set out how the improvement was to be made.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*A. L. Thomas* for appellant.

(1) The resolution of the city council declaring the improvement of the street necessary is insufficient to give the city authority to order the street improved and to let a contract therefor. The resolution of the city council declaring the improvement of the street necessary must give the description of the proposed work and of the material to be used so as to give the owners of the property abutting on the street notice of the kind and character of the work to be done. Coulter v. Construction Co., 131 Mo. App. 230; City of Kirksville ex rel. v. Coleman, 103 Mo. App. 215. (2) The proceedings culminating in the tax bill are void and the tax bill is void for the further reason that the resolution notifies the property owners that the improvement is to be made under general ordinance number 2050, approved November 14, 1903, and ordinance number 2050 is insufficient to give any notice as to the character and nature of the work and the material to be used. A special ordinance providing for the doing of the work is requisite to its validity; a general ordinance is insufficient. Ordinance number 2050 was a general ordinance having no special reference to the improvement in question and did not authorize the work. Wheeler v. City of Poplar Bluff, 149 Mo. 36.

*Grover C. Jones* and *Spencer, Grayston & Spencer* for respondent.

(1) The statement in the resolution that plans, specifications and estimates for this particular work had been made and were on file at the time when the resolution was adopted is not controverted by the evidence in the case. Probert v. Investment Co., 155 Mo. App. 346. (2) The statement that plans, specifications and estimates were on file at the time when the

resolution was adopted not being controverted, and the character or contents of the plans, specifications and estimates not being disclosed by the evidence, the presumption is that they were sufficient. Probert v. Investment Co., 155 Mo. App. 346. (3) It was not necessary for the resolution to contain a description of the property, there being plans, specifications and estimates sufficient to furnish necessary information to the property owners at the time of the adoption of the resolution and thereafter, during the time given to the property owners within which to determine whether or not they would oppose the improvement. Schulte v. Currey, 173 Mo. App. 589; Bridewell v. Cockrell, 122 Mo. App. 202-203; Coulter v. Construction Co., 131 Mo. App. 234. (4) General Ordinance number 2050 was not void by reason of uncertainty as to the "Binder Course." This identical provision has been held valid by the Supreme Court. Miners Bank v. Clark, 252 Mo. 27, 28.

ROBERTSON, P. J.—Plaintiff obtained a judgment in the trial court enforcing a special tax bill for $84.361, issued by the city of Joplin for grading and macadamizing a street therein upon which defendant's property abuts, and the defendant has appealed. The tax bill was assigned to the plaintiff, but no notation thereof as made upon the abstract of special tax bills required to be kept in the office of the city clerk by section 9256, Revised Statutes 1909. This section has been amended (Laws 1911, page 340), but the tax bill was issued July 10, 1908. It is not shown when the assignment was made. The trial court gave judgment for interest for thirty days after date of the tax bill.

The defendant contends that by reason of allowance of interest after the time when the tax bill was assigned rendered the judgment excessive. It is insisted that "Until the assignee of the tax bill complies with the terms of this statute the owner of the property can-

not know to whom to pay it and no interest should be allowed until this statute is complied with." The defendant's answer is a general denial, the resistance of the collection of the tax bill discloses that at no time has the defendant desired to pay it, so that no loss has been suffered by failure to have the notation made in the clerk's office. There is nothing in the old section of the statute providing that such failure shall stop the running of interest. We hold that this contention of defendant is without merit.

The second point made by the defendant is that there is no special ordinance providing for the doing of the work, but there is no evidence on the part of the defendant that this was not done and the tax bill, offered in evidence by plaintiff, recites that it was. The defendant offered the resolution and the general improvment ordinance in evidence but did not offer any testimony to prove that there was no special ordinance authorizing the work. This point can avail defendant nothing.

The general improvement ordinance provides that after the macadam course is laid that "clean mill tailing, or such other materials as may be directed by the city engineer, or street committee . . ." shall be used. This it is said leaves it indefinite and uncertain as to the character of material to be used. This contention must be ruled against defendant. [Miner's Bank v. Clark, 252 Mo. 20, 27 and 28, 158 S. W. 597.]

It is next contended that the preliminary resolution was insufficient in that it did not give the description of the proposed work and the material to be used. This point is so clearly without merit that we deem it useless to go into detail in order to decide it. The resolution describes the portion of the street to be improved, what the improvement is to be and recites that it shall be done in accordance with plans, specifications and the general improvement ordinance. The latter is very specific as to how improvements are

to be made. Neither the plans, specifications or estimates were offered in evidence and we must therefor conclude that they met the requirements.

The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.