CITY OF BRUNSWICK ex rel. GEORGE W. BARKWELL et al. v. OTTO K. BENEKE, Appellant.

Division Two, July 19, 1921.

1. **APPELLATE JURISDICTION: Transfer by Court of Appeals.** Where a case has been transferred to the Supreme Court for the reason that one of the judges of the Court of Appeals believes its decision therein is in conflict with a decision of another Court of Appeals in another case, it is the duty of the Supreme Court to hear and determine the case as it would any other case in which it had obtained jurisdiction by ordinary appellate process, and the question of conflict drops out of the case.

2. **NOTICE BY PUBLICATION: Two Consecutive Weeks.** The statute required that the resolution authorizing a street improvement should be published in some newspaper "for two consecutive weeks; and if a majority of the resident owners of the property liable to taxation therefor shall not, within ten days from the date of the last insertion of said resolution, file with the city clerk their protest against such improvement, then the board of aldermen shall have power to cause such improvements to be made and contract therefor." The resolution was adopted on May 3rd, and was published in a weekly newspaper on May 7th and 14th, and on May 25th an ordinance requiring the improvement to be made and the contract to be entered into was adopted. *Held*, that the statute required that the resolution should be published for full two weeks, or fourteen days, and as ten days intervened between its last publication on May 14th and the adoption on May 25th of the ordinance requiring the improvement to be made and the contract to be let, the requirements of the statute were met. Where the statute requires the resolution to be published for

"two consecutive weeks," and allows property owners ten days thereafter in which to protest, it is not necessary, in order to constitute two consecutive weeks, that the resolution be inserted for three weeks in the weekly newspaper, but where the resolution is inserted the second time ten days before the council passes an ordinance authorizing the improvement, that is sufficient publication.  [Overruling Munday v. Leeper, 120 Mo. 417.]

3. **STREET IMPROVEMENT: According to Established Grade: Specification.**  A resolution adopted by the board of aldermen reciting that "the surface of the roadway when said work is completed shall be at the established grade thereof, all according to plans, profiles and specifications therefor filed by the proper officer with the city clerk of said city," and profiles showing the cuts and fills necessary to bring to the established grade the part of the street to be graded and paved. duly filed, sufficiently comply with the requirements of the statute (Sec. 9411, R. S. 1919) requiring the resolution to include and describe the work of bringing the street to the established grade.

4. ———: **Notice to Begin Work: Waiver: Completion of Work.**  Where the ordinance provided that the street improvement should begin within one week from the delivery to the contractor of written notice, said notice can be waived, and where no notice is given the time for completing the work is to be counted from the date he actually began work.

5. ———: **Not Completed Within Required Time: Void Tax Bill.**  Where the ordinance provided that the street improvement should begin within one week from the delivery to the contractor of written notice, and be fully completed within sixty days, and no notice was given, but he began work on June 28th and completed the improvement on November 10th, a period of 135 days, no extension being granted or requested, the tax-bills issued to the contractor in payment for the improvement were void.

6. ———: ———: **Provisions for Interference.**  Time is of the essence of a contract requiring a street improvement to be completed within a specified time, and material; and where no cause appears for the delay and for aught that appears the work was needlessly delayed, any provision in the contract that days lost on account of injunction suits, bad weather and strikes should not be counted, not being invoked or if invoked wholly inapplicable, does not relieve against the requirement for a completion of the improvement within the prescribed time.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*F. C. Sasse* and *O. P. Ray* for appellant.

(1) The preliminary resolution was not published for two consecutive weeks, as required by Sec. 9411, R. S. 1909. State ex rel. v. Tucker, 32 Mo. App. 620; State v. Dobbins, 116 Mo. App. 29; Williams v. Ettenson, 178 Mo. App.. 178; Munday v. Leeper, 120 Mo. 418; Young v. Downey, 150 Mo. 324, 330. It requires seven complete days to constitute a week. State ex rel. v. Tucker, 32 Mo. App. 620; State v. Dobbins, 116 Mo. App. 29; Russell v. Croy, 164 Mo. 69. The time within which an act is to be done, shall be computed by excluding the first day and including the last. Sec. 8057, R. S. 1909. The above section applies and is the rule for notices by publication, and the first day of publication is excluded and the last day·included. State ex rel. v. Tucker, 32 Mo. App.. 620; Gray v. Worst, 129 Mo. 130; Young v. Downey, 150 Mo. 330; State v. Dobbins, 116 Mo. App. 29. To publish anything for a certain length of time means that the publication must not cease, but must continue until that time has run. State v. Dobbins, 116 Mo. App. 20; Ratliff v. Magee, 165 Mo. 466. That there is a recognized difference in the length of time requiring a resolution to be published for two consecutive weeks, and a·section requiring the resolution to be published in two consecutive insertions, is shown by comparing Sec. 9411 and Sec. 9255, R. S. 1909, the former applying to cities of the fourth class, and the latter to cities of the third class. And there was a difference in the length of time for publication of the resolution, between the two above sections, and so recognized by our Legislature, appears by repeal of Sec. 9411, and enacting a new section in lieu thereof, and changing the same to read, "shall cause to be published in *two consecutive insertions.*" (2) The preliminary resolution declaring the work and improvement necessary to be done, did not describe the

work of bringing the street to the established grade, as provided for and required by Sec. 9410, R. S. 1909. Kirksville v. Coleman, 103 Mo. App. 219; Kansas City v. Askew, 105 Mo. App. 86; Smith v. Westport, 105 Mo. App. 221; Phoenix Const. Co. v. Gentry County, 257 Mo. 392; Const. Co. v. Whitmer, 206 S. W. 387. Since the publication of the resolution is the only provision of the statute for notifying the property owners of what the council proposes to do, it should either be explicit in itself, or inform the property owner where he can ascertain exactly what is proposed. Webb City v. Ayler, 163 Mo. App. 155; Const. Co. v. Gentry County, 257 Mo. 392, approving City of Kirksville v. Coleman, 103 Mo. App. 215. (3) The work and improvement was not completed within the time required by the ordinance of the city, and no extension of time was granted by ordinance to the contractor. Smith v. City of Westport, 105 Mo. App. 225; McQuiddy v. Brannock, 70 Mo. App. 535; Barber Asphalt Co. v. Ridge, 169 Mo. 376. The clause providing a penalty cannot change or extend the time for completing the work. McQuiddy v. Brannock, 70 Mo. 535; Neil v. Gates, 152 Mo. 592; Heman v. Gilliam, 171 Mo. 268. The clause in the contract providing for working days lost in consequence of injunction, court proceedings, etc., cannot be considered in this case, for the reason that none of these grounds were pleaded in plaintiff's reply or any other pleading, for the further reason that there was no evidence offered whatever that any of these grounds had caused the delay. The ordinance and contract provide for the same time for completing the work, but the contract requires that any additional time allowed shall be fixed by an ordinance of the city.

*E. C. Anderson* and *Russell E. Holloway* for respondents.

(1) The publication of the preliminary resolution for the two consecutive weeks in the Brunswicker, viz.,

May 7 and 14, 1915, was a sufficient publication to satisfy the statute. Haywood v. Russell, 44 Mo. 254; Fleming v. Tatum, 232 Mo. 678; Ratliff v. Magee, 165 Mo. 465; Brown v. Howard, 264 Mo. 501; Young v. Downey, 150 Mo. 323; Russell v. Croy, 164 Mo. 69; 37 Cyc. 512; 28 Cyc. 1007; Webb v. Stroback, 143 Mo. App. 469; Trenton v. Collier, 68 Mo. App. 494; 29 Cyc. 1121; 12 C. J. 513, note 84; Ricketts v. Hyde Park, 85 Ill. 110, 13 L. R. A. (N. S.) 197; State v. Johnson Co., 138 Mo. App. 429, 122 S. W. 316; State v. Brown, 130 Mo. App. 214, 109 S. W. 99; Gray v. Worst, 129 Mo. 122, 131; State v. Polk, 144 Mo. App. 329, 127 S. W. 933. (2) The preliminary resolution was sufficient to fully advise all property owners of the nature of its improvement, manner and material to be used. Blair v. Glenn, 187 Mo. App. 392; Muff v. Cameron, 134 Mo. App. 607; Const. Co. v. Gentry Co., 257 Mo. 392, 395; Haughamont v. Bonijughl, 83 Pac. 54; Haughamont v. Raymond, 83 Pac. 53; Kirksville v. Coleman, 103 Mo. App. 215, 218; Inv. Co. v. Lewis, 271 Mo. 317. (3) The improvement was completed within a reasonable time and within the time provided by ordinance. Hund v. Rackliffe, 119 Mo. 312; Boulton v. Kolkmeyer, 97 Mo. App. 530; Gist v. Const. Co., 224 Mo. 379; Hilbert v. Paving Co., 107 Mo. App. 385, 398; Carlin v. Cavender, 56 Mo. 256; Inv. Co. v. Hall, 255 Mo. 681.

*Willard P. Cave* and *E. C. Anderson* for respondents.

(1) The statute requiring publication for two successive weeks has been held to be complied with by publication on the 7th and 14th of the same month. 2 Jones on Taxation by Assessment, sec. 763, p. 1315; Ricketts v. Village of Hyde Park, 85 Ill. 110. (2) If the notice is published in a weekly newspaper it is not necessary that it shall be for two full weeks. 2 Jones on Taxation by Assessment, sec. 763, p. 1315; Brewer v. Springfield, 97 Mass. 152; Webb v. Strobach, 143 Mo.

App. 459; Russell v. Croy, 164 Mo. 69. (3) In Springfield v. Weaver, 137 Mo. 667, the Supreme Court expressly holds that the order in which the various steps taken necessary to make the improvements is not a matter of substance and should not invalidate the tax. The resolution was sufficient in substance. (4) It was admittedly published for two consecutive insertions in a weekly newspaper, and hence, at some time the two publications had performed their function, which was to notify the resident property owners. And there was no protest filed in this case. Hence, after the lapse of the statutory time after the last publication, and no protest filed, the city had jurisdiction to proceed to make the improvement. Webb v. Strobach, 143 Mo. App. 459; Russell v. Croy, 164 Mo. 69.

HIGBEE, P. J.—This case was transferred to this court by the Kansas City Court of Appeals for the reason that one of the judges believed the decision of that court was in conflict with the decision of the Springfield Court of Appeals in Webb v. Strobach, 143 Mo. App. 459, 470. Under the Constitution it is our duty to hear and determine the cause as in case of jurisdiction obtained by ordinary appellate process; in other words, the question of conflict drops out of the case. [Section 6 of Amendment of 1884 to the Constitution; Epstein v. Railroad, 250 Mo. 1, 156 S. W. 699.]

The action is to enforce the lien of a special tax bill issued by the city of Brunswick, a city of the fourth class, for grading and paving a part of a public street, against the property of the appellant abutting on said street and liable to taxation therefor. On May 3, 1915, the board of aldermen of the city adopted a resolution under the provisions of Section 9411, Revised Statutes 1909, declaring it necessary to bring to the established grade a designated portion of Broadway Street by fills or excavations, as may be necessary, and to pave the same with vertical fiber paving blocks and asphalt filler,

all upon a concrete base, four inches thick, according to specifications therefor filed by the proper officer with the city clerk of said city. It directed that the resolution be published for *two consecutive insertions* in the "Brunswicker," a weekly newspaper published in said city. The resolution was published on May 7th and 14th in said newspaper.

On May 25th, an ordinance was adopted requiring the designated portion of said street to be brought to the established grade and paved with three inch vertical vitrified paving blocks upon a four-inch Portland cement concrete base, with an asphalt filler and a one-and-a-one-half inch sand cushion, "and said improvement shall be commenced within one week from the delivery by the board of aldermen to the contractor of written notice to commence, and shall be fully completed within sixty days after the date of such notice, provided that for good cause shown the board of said city may extend the time for completing said improvement upon the application of the contractor made as soon as the necessity therefor appears and before the expiration of the time herein fixed for the completion of the same."

The relator, Barkwell, was the successful bidder, and on June 22nd, entered into a written contract with the city to do the work. It provided that no additional time for the completion of the work should be allowed except for reasons that should appear sufficient to the board; working days lost on account of injunction, court proceedings, bad weather, strikes, etc., shall not be held to be working days and shall be added to the number of days specified within which the work shall be completed; in consideration of the completion of the contract in accordance with the specifications, the contractor shall receive $1.74 per square yard.

No notice was given the contractor to begin the work, but he did so on June 28th, and completed it November 10th. No extension of time was asked or given. The tax bill was issued November 19th. The cause was

tried to the court, and judgment rendered for the relator, Barkwell, from which the defendant appealed to the Kansas City Court of Appeals.

I.   Section 9411, Revised Statutes 1909, authorizing the improvement of streets in cities of the fourth class, reads:

"When the board of aldermen shall deem it necessary to pave . . . any street . . . the board of aldermen shall, by resolution, declare such work or improvement necessary to be done, and cause such resolution to be published in some newspaper published in the city, for two consecutive weeks; and if a majority of the resident owners of the property liable to taxation therefor shall not, within ten days from the date of the last insertion of said resolution, file with the city clerk their protest against such improvement, then the board of aldermen shall have power to cause such improvements to be made and contract therefor."

The appellant contends that three insertions are necessary to constitute a publication of the resolution for two consecutive weeks within the meaning of this section of the statute, and that resident owners of property liable to taxation for the contemplated improvements were entitled to file their protest within ten days from the date of the last insertion, which would have been June 1st.  It is clear that the publication required is for full two weeks or fourteen days.

In Haywood v. Russell, 44 Mo. 252, 254, Bliss, J., said:  "The objection to the time of publication is not well taken.  The statute requires that notice should be published for four weeks, and that the last insertion should be at least four weeks before the commencement of the term.  If the first publication is for one week, surely the other three are for one week each, and it is only necessary that 'the last insertion'—not the last week—should be four weeks before the term.  The notice objected to was published in a weekly paper, in four consecutive numbers, which makes four weeks.  The ob-

jection assumes that the commencement of the publication should be eight weeks before the term, which is not required, nor is it required that the four weeks should end four weeks before the term. It is sufficient if it be for four weeks, and if the last insertion, which is the commencement of the fourth week, be four weeks before the commencement of the term.'' WAGNER and CURRIER, JJ., concurred.

In Cruzen v. Stephens, 123 Mo. 337, the defendant contended that a judgment for delinquent taxes was void because the notice of publication to the defendant was not published for four consecutive weeks. It appeared in the issues of the newspaper designated on March 7, 14, 21 and 28, 1889. In the opinion of BARCLAY, J., concurred in by all the members of Division One, it is said:

''Defendants argue that publication four times, at these intervals, is not publication for 'four weeks'; and cite the argument of the Court of Appeals in State ex rel. v. Tucker (1888), 32 Mo. App. 620, claiming that the latter demonstrates that the ruling on this subject in Haywood v. Russell (1869), 44 Mo. 252 (where such a publication was held good), is unsound, and should not be followed.

''Whatever we might think of the ruling in the forty-fourth report as an original proposition, it has been acquiesced in so fully, and been treated as a settled point of practice in making publications in all sorts of proceedings, for so many years, that we decline to re-examine it. We consider that the rule it declares has become a rule of property, on the faith of which great numbers of titles, founded on judicial sales, depend.''

Ratliff v. Magee, 165 Mo. 461, is in point. Syllabus 1 reads: ''The statute required that the notice for the final settlement of an estate should be 'published for four weeks' prior to the term. *Held,* that this statute required a notice to be published for four weeks or twenty-eight days prior to the beginning of the term, but did not require that four weeks should intervene between

the date of the last publication of the newspaper and the first day of the term; and, hence, a notice published in a newspaper on March 24, March 31, April 7, and April 14, prior to the beginning of the term on May 8, met the requirements of the statute and was sufficient.''

The opinion was by VALLIANT, J., in which all the members of Count in Banc concurred on the point in question.

In Fleming v. Tatum, 232 Mo. 678, the order of publication in a tax suit was published on June 8, 15, 22 and 29. It was held, in an opinion by VALLIANT, J., to be a publication for four successive weeks.

A notice in an action against non-residents to reform and foreclose a deed of trust, was published in a daily newspaper (except Mondays) in the consecutive issues from Sunday, June 29, to July 26. The opinion, by ROY, C., in Division Two, in which all concurred, held that the notice was published for four consecutive weeks (citing and reviewing Haywood v. Russell and Cruzen v. Stephens, supra; Young v. Downey, 150 Mo. 317; Howard v. Brown, 197 Mo. 36; Brown v. Howard, 264 Mo. 501). It will be seen that by excluding the date of the first issue, June 29th, the publication extended over a period of only 27 days.

In State ex rel. v. Tucker, 32 Mo. App. 620, the notice for a local option election, held October 11, 1887, was published in a weekly newspaper on September 17, 24, and October 1 and 8. From the first insertion to the date of the election was a period of 24 days. Obviously, the notice was not published four weeks as required by statute.

In Young v. Downey, supra, it was held, approving State v. Tucker, that a notice published on September 8, 15, 22 and 29, when the term began October 2, was not a publication for four weeks, but only twenty-four days. BURGESS, J., quotes the rule, at page 327, from 1 Elliott's General Practice, page 450, as follows:

''Where the notice is required to be published once each week for a certain number of weeks, the full num-

ber of days necessary to constitute the requisite number of weeks must, according to the weight of authority, elapse between the date of the first publication and the return day. So, it has been held that a statutory provision requiring publication for 'three successive weeks' means that twenty-one days must elapse between the first publication and the return day, and not simply three insertions in a weekly newspaper covering only fifteen days.''

Judge BURGESS, however, drew a distinction between that case and Haywood v. Russell, and, in effect, repudiated the Cruzen case. But this court, in Brown v. Howard, 264 Mo. l. c. 504, expressed its approval of the Haywood and Cruzen cases. There can be no question that on the facts the Tucker and Young cases were soundly ruled.

In Norton v. Reed, 253 Mo. 236, the question arose over the sale of real estate by the probate court to pay debts of the decedent. The affidavit of the publisher showed that notice of the application for the order of sale was published in a weekly newspaper on April 21, 27, and May 4 and May 11. The first day of the term was May 14th, and the order of sale was made on the following day. The first insertion was only 24 days previous to the first day of the term. The court, however, entered an order reciting that the order of publication has been published for more than four weeks prior to the first day of the term. It was held that the recital referred to the publication as shown by the record and (following Young v. Downey, supra) that the notice had been published 24 days and not for four weeks, and that the order of sale and the deed made thereunder were void.

The Court of Appeals based its ruling on Munday v. Leeper, 120 Mo. 417, in which it was held that insertions in a weekly newspaper on August 12, 19 and 26, of notice of the granting of letters of administration, was a publication for two weeks only.

In Ratliff v. Magee, supra, 1. c. 466, Judge VALLIANT distinguishes Munday v. Leeper and others from Haywood v. Russell, supra. He said at page 467: "These decisions are not in discord, and they are cited to show the inmportance of observing the difference in the context and purpose of this statute under discussion from those of other statutes in which like terms are used."

The learned Court of Appeals also relies on State v. Dobbins, 116 Mo. App. 29, wherein the court held, in effect, that if the notice is published in a weekly paper there should be five insertions and that a publication in four consecutive weekly issues of the. paper would not meet the requirements of the statute.

In State v. Brown, 130 Mo. App. 214, 1. c. 219, BLAND, P. J., and GOODE and NORTON, JJ., concurring, said: "The Dobbins case seems to assume that the notice ceases to be published the day after the paper leaves the press; that it does not continue to be published from one issue of the paper to the next succeeding one. If this were true, a notice published in a weekly newspaper four times would only give four days' notice and, to comply with the requirements of the statute, it would be necessary to publish the notice for twenty-eight days in a daily paper, or for twenty-eight weeks in a weekly newspaper. The notice, as such, when published in a weekly does not cease to impart notice the day after the paper leaves the press, but continues, within the meaning of the statute, to be published until the issuance of the next current number of the paper, or for seven days. The last insertion should be held to continue for the same length of time to impart notice of the election."

We approve this enunciation, and think the rule applicable to the question under consideration and in harmony with all other rulings of this court. Munday v. Leeper is out of harmony with prior and subsequent decisions. To give it our sanction would needlessly breed confusion and overrule well-considered cases that have become a rule of property, on the faith of which

many titles, founded on judicial sales, depend. The resolution was published for two consecutive weeks.

II. The resolution recites that "the surface of the roadway when said work is completed shall be at the established grade thereof, all according to plans, profiles and specifications therefor filed by the proper officer with the city clerk of said city." The fills and cuts necessary to bring to the established grade that part of the roadway of said Broadway Street proposed to be graded and paved are shown on said profile. This complies with the requirement of Section 9411, Revised Statutes 1909, as to including and describing in the resolution the work of bringing such street to the established grade. [Phoenix Brick Co. v. Gentry County, 257 Mo. 392, 396; Blair v. Glenn, 187 Mo. App. 392, 395.]

*Specifications: Established Grade.*

III. The ordinance provided that said improvement should be commenced within one week from the delivery to the contractor of written notice, and be fully completed within sixty days thereafter, with a proviso for extension of time for good cause shown. The contractor began the work on June 28th and completed it on November 10th, a period of 135 days.

*Completion of Work.*

When we consider the circumstances, it is evident that the giving of the notice provided in the ordinance was waived. While the contractor was entitled to notice to begin the work there is no reason why that formality could not be waived. The intention need not necessarily be proved by express declarations, but may be shown by the acts and conduct of the parties from which an intention to waive may be reasonably inferred. [40 Cyc. 263.]

It is agreed that no extension of time was asked or given. There was a provision in the contract that days lost on account of injunction, bad weather, strikes, etc., should not be held to be working days, but this term of the contract is not invoked, nor need be, because the

ordinance authorized an extension for good cause. For aught that appears, the work was needlessly delayed, to the great annoyance of the public. As time was of the essence of the contract and material, the tax bill issued for the work and here sued on must be held void. The penalty proviso does not relieve against the requirement to complete the work within the time prescribed. [Neill v. Gates, 152 Mo. 585, 592; Barber Asphalt Paving Co. v. Munn, 185 Mo. 552, 569; Gilsonite Constr. Co. v. Coal Co., 205 Mo. 49, 79; 28 Cyc. 1137.]

"In French v. Wallace, 13 Wall, 506, it is said: 'When the requisitions prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, and by disregard of which his rights might be and generally would be injuriously affected, they are not directory, but mandatory. They must be followed or the acts are invalid. The power of the officer in all such cases is limited by the measure and conditions prescribed for its exercise.' Accordingly we are of the opinion that the proviso in the ordinance, requiring the completion of the improvement within a prescribed time, was mandatory, and that a compliance with it was a condition precedent to the right of the contractor to any lawful demand against the abutting landowner." [Rose v. Trestail, 62 Mo. App. 352, 358.]

In Barber Asphalt Paving Co. v. Munn, 185 Mo. 552, 568, 569, it was held that the ordinance must control, and that the failure to complete the work within the time prescribed by the ordinance rendered the tax bills void. In that case the ordinance provided that a penalty of ten dollars per day after the time fixed by the ordinance should be deducted. In Gilsonite Constr. Co. v. Coal Co., 205 Mo. 49, 79, it was said "that it was not within the power of the municipal corporation to extend the time by ordinance for the completion of the work after the time for completing it has expired," citing Neill v. Gates, 152 Mo. l. c. 592, and Hund v. Rackliffe, 192 Mo. l. c. 324, 325.

In the case last cited, the ordinance provided that the work should be begun within ten days after the approval of the ordinance, and completed within forty days. The ordinance was approved June 12th. "They actually began work before that date, but the fact that they did so, does not reduce *pro tanto* the time for the completion of the work. The forty days for the completion of the work began to run at the expiration of the ten days allowed for the commencement of the work and not from the time the work was actually commenced within the ten days." [P. 322.] Counsel argue that since the work was to be commenced within one week from the giving of written notice and such notice was not given, *ergo*, plaintiff did not fail to complete the work within the time prescribed by the ordinance. We think there is not analogy between the cases, and that there is no merit in the contention.

The judgment is reversed. All concur.